129    233
142    440

## TAYLOR *v.* WEEKS.

BILLS AND NOTES — CONSIDERATION — FORBEARANCE — PROMISE TO
PAY INVALID CLAIM.
  Where plaintiff refrained from filing a claim against an estate
  on a promise by the decedent's widow that he should be com-
  pensated out of her own estate, in pursuance of which she ex-
  ecuted a note payable after her death, but it appeared that
  the claim, if ever existing, was barred by the statute of limita-
  tions when the promise was made, the note was without suf-
  ficient consideration.

Error to Calhoun; Smith, J. Submitted December 13,
1901. Decided December 30, 1901.

William Taylor presented a claim against the estate
of Lydia A. Rice, deceased, on a promissory note. The
claim was allowed in the probate court, and Monfort D.
Weeks, administrator with the will annexed, appealed to
the circuit. From a judgment there for claimant, defend-
ant brings error. Reversed.

*John C. Patterson* and *M. D. Weeks,* for appellant.

*Herbert E. Winsor* and *L. B. Tompkins,* for appellee.

MONTGOMERY, C. J. Claimant filed a claim against
the estate of Lydia A. Rice, based upon the following
writing:

                    "ALBION, MICH., March 19, 1898.
  "For value received, I promise to pay William Taylor
$600, with use, for labor performed when living with
myself and husband, Edward Rice. This must not be
transferred nor collected until after my death.
                                "LYDIA A. RICE."

The defense claimed on the trial of the issue that the
instrument in question was a forgery; but upon this ques-

tion the circuit judge, upon sufficient testimony, found against the defendant's contention, and the estate is concluded by that finding.

A question which presents more difficulty is that of whether there was any sufficient consideration to support the promise contained in this writing. It appears by the finding of facts that, in 1855, the claimant, William Taylor, was apprenticed to Edward Rice, the husband of deceased, by the superintendents of the poor of Ontario county, N. Y.; that he continued to live with Mr. Rice and perform services under this apprenticeship agreement until he was about the age of 19 years, when, according to the finding, Edward Rice sold his farm, and the apprenticeship was mutually canceled by said Edward Rice and William Taylor, but upon what terms does not appear. Edward Rice died on the 19th day of March, 1895, leaving a will, which was duly probated. A life estate in his property was given to Lydia A. Rice, and certain legacies were named,—among them, a legacy of $100 to claimant. An opportunity was given for presenting claims against the estate of Edward Rice, and the hearing of claims closed November 27, 1895. At the time the will of Edward Rice was read, it appears from the findings that the claimant was dissatisfied with its terms, and talked to Lydia A. Rice about contesting the will, or that he would file a claim against the estate of Edward Rice. It is further found that the widow said to claimant that if he would not file a claim against the estate, or make her any trouble, she would see that he was compensated out of her own estate; and that he did refrain from presenting any claim against said estate, and did not oppose the probate of the will. As will be seen, the instrument in writing was not executed until some three years later.

Neither the finding nor the evidence shows that Lydia A. Rice was in any way responsible to William Taylor for any services that he may have rendered Edward Rice, nor is there any finding that Edward Rice was liable to the claimant for such services. A naked promise by A. to pay

an existing debt owing by B. is not supported by a sufficient consideration. See Anson, Cont. p. 89; 1 Beach, Mod. Cont. § 505; *Kulenkamp* v. *Groff*, 71 Mich. 675 (40 N. W. 57, 1 L. R. A. 594, 15 Am. St. Rep. 283). The contention of the claimant's counsel, however, is that the forbearance to present a claim against the estate of Edward Rice constituted a sufficient consideration for the promise. The finding, as well as the testimony, shows that any claim that William Taylor may have had against Edward Rice for services rendered was *prima facie* outlawed, for the services mentioned in the agreement had been performed 20 years or more prior to the death of Edward Rice. And not only this, but the circumstances under which they were performed showed *prima facie* that there was no valid claim in the first instance against Edward Rice. So we take it that, upon this finding, the only inference open is that, if there was any promise to forbear (which the finding does not show, but simply states that claimant did refrain from presenting any claim against the estate[1]), it was a promise to forbear presenting a claim which had no foundation in fact. The question presented is whether this is a valid consideration to support a promise. This question must be answered in the negative. See Anson, Cont. p. 74; 1 Pars. Cont. p. 440; *Rood* v. *Jones*, 1 Doug. 192. In the case last cited the subject is discussed by FELCH, J., and the rule stated as follows:

"The consideration of defendant's promise, as before stated, was his forbearing to obtain this attachment and take the property thereon, as he legally might have done. It is the damage he has sustained, or may sustain, by thus yielding his power over the debtor's property, that constitutes the validity of the consideration. Certain things, however, are necessary to the sufficiency of such a consideration. There must be, for instance, a valid debt due to the creditor. If no suit could be maintained, and this were clearly shown on the trial, the consideration for the defendant's promise would be insufficient."

---

[1] See, on this point, *Union Trust Co.* v. *Conus*, *ante*, 156.

The claimant cites *Van Buskirk* v. *Hoy*, 114 Mich. 425 (72 N. W. 246). In that case the court held that the recital in the note, "For value received," furnished evidence sufficient to create a liability *prima facie*. It was said, however, that if the claim depended entirely upon the proof, as shown by the record, that the property was furnished under such circumstances as to create a liability, it might well be said that the case made by the plaintiff must fail for want of proof. In the present case the finding clearly excludes any other consideration for this note than the asserted claim against the estate of Edward Rice; and the circumstances under which these services were rendered, as well as the time of the rendition of the services, establish *prima facie* that there was no validity to the claim, and that it could not be enforced against the estate. We think that the estate finds, in the testimony offered by claimant himself, and in the facts as found by the circuit judge, the evidence which overcomes the presumption of consideration, and that this claim is of no validity.

The judgment will be reversed, and judgment entered here, with costs of both courts, against the claimant.

HOOKER, MOORE, and GRANT, JJ., concurred. LONG, J., did not sit.