STEEP *v.* HARPHAM.

1. BILLS AND NOTES—CONSIDERATION—LIMITATION OF ACTIONS.

A note given for the amount due on outlawed notes would be void for want of consideration.

2. LIMITATION OF ACTIONS—STATUTE RUNS AGAINST NOTES FROM DUE DAY.

The statute of limitations begins to run against notes on the day they fall due rather than on the day they are executed.

3. BILLS AND NOTES—CONSIDERATION—LIMITATION OF ACTIONS—IN ABSENCE OF EVIDENCE AS TO DUE DATE OF NOTES OUTLAWRY NOT PRESUMED.

Where, in an action on a note given by a widow for the amount due on notes executed by the husband, there was no evidence as to the due dates of the old notes, but payee's testimony shows that both she and the widow regarded them as valid, the case may not be disposed of on the theory that they were outlawed and that the new note was void for want of consideration.

4. TRIAL—ON MOTION FOR DIRECTED VERDICT OTHER PARTY'S TESTIMONY TAKEN AS TRUE.

On defendant's motion for a directed verdict plaintiff's testimony must be accepted as true.

5. BILLS AND NOTES—LOSS OF RIGHT TO COLLECT OLD NOTES CONSTITUTED CONSIDERATION FOR NEW NOTE.

Where notes signed by deceased could have been presented as a claim against his estate and payment obtained, the payee, by accepting a new note signed by the widow for the amount due on the old notes, which were destroyed, lost this right, and this constituted a consideration for the new note.

6. CONTRACTS—CONSIDERATION DEFINED.

To constitute a consideration there must be a detriment to one party or a benefit to the other.

[1]Bills and Notes, 8 C. J. § 354; L. R. A. 1917C, 842; 3 R. C. L. 936; 1 R. C. L. Supp. 925; [2]Limitations of Actions, 37 C. J. § 199; [3]Bills and Notes, 8 C. J. § 1359; [4]Trial, 38 Cyc. p. 1586; [5]Bills and Notes, 8 C. J. § 358; [6]Contracts, 13 C. J. §§ 144, 150.

7. BILLS AND NOTES—NEGATIVING ALL DEFENSES TO ORIGINAL OR
NEW NOTES NOT NECESSARY TO MAKE PRIMA FACIE CASE.
It is not necessary that plaintiff negative all possible de-
fenses to the note in suit or to the original notes for
which it was given in order to make a *prima facie* case.

8. SAME—BURDEN ON PLAINTIFF TO SHOW CONSIDERATION FOR NOTE
SUED ON.
In an action on a note, where want of consideration is
the defense, the burden of proof is on plaintiff throughout
the entire case to show a consideration, and does not shift
to defendant, but where plaintiff makes a *prima facie* case
the burden of going forward with the testimony rests on
defendant.

9. SAME—CONSIDERATION IMPORTED.
A note itself imports a consideration.

10. SAME—WHERE TESTIMONY SHOWING CONSIDERATION NOT MET
PLAINTIFF ENTITLED TO VERDICT.
Where, in an action on a note there was proof that de-
fendant signed it, and testimony showing a valid con-
sideration, and defendant did not take up the burden
on the question of consideration, but left the case as made
by plaintiff, and insisted she did not sign the note, the
verdict in favor of plaintiff was justified by the proofs.

11. APPEAL AND ERROR—COUNSEL MAY NOT COMPLAIN THAT CHARGE
WAS NOT SPECIFIC IN ABSENCE OF REQUESTS TO CHARGE THEREON.
Counsel may not complain that the charge of the court
was not as full as it should have been, and did not go
as far as it should have gone, in the absence of any re-
quest for more specific instructions.

12. TRIAL—IF MORE SPECIFIC INSTRUCTIONS DESIRED REQUEST
THEREFOR SHOULD BE MADE.
If counsel desired further and specific instructions, re-
quest for same should have been made.

Error to Oakland; Gillespie (Glenn C.), J.    Sub-
mitted January 6, 1928.    (Docket No. 87.)    Decided
February 14, 1928.

Assumpsit by May Steep against Ona Harpham on

⁷Bills and Notes, 8 C. J. § 1287 (Anno); ⁸Id., 8 C. J. § 1299;
⁹Id., 8 C. J. § 1296; ¹⁰Id., 8 C. J. § 1359; ¹¹Appeal and Error, 3
C. J. § 756; ¹²Trial, 38 Cyc. p. 1694.

a promissory note.    Judgment for plaintiff.    Defendant brings error.    Affirmed.

*John D. Harger* (*George H. Kretzschmar,* of counsel), for appellant.

*Goodenough, Voorhies, Long & Ryan,* for appellee.

FELLOWS, J.    Plaintiff brings this action to recover on the following note:

"$1,661.00.                    February 14, 1925.
    "One year after date, I promise to pay to the order of Miss May Steep, one thousand six hundred sixty-one and 00/100 dollars at 6 per cent. per annum.
    "Value received.
    "No.............. Due.................
                        "ONA HARPHAM." .

Defendant filed an affidavit denying the execution of the note and gave notice under her plea of the general issue of the defense of want of consideration.    As the important question in the case is whether the court should have directed a verdict for the defendant at the close of plaintiff's proofs, we will briefly outline what such proofs show.    Defendant is the widow of Bert Harpham, who died in December, 1924.    He left an estate which was "probated" as one of the witnesses testified.    In the year 1917, on three different occasions, plaintiff loaned Mr. Harpham different sums aggregating $1,100 and took his notes therefor.    These notes being unpaid at his death, the two women discussed what should be done about the matter, and it was finally agreed that defendant should give her individual note for the amount then due, which included interest, and plaintiff should give up and destroy the notes given by deceased.    This arrangement was carried out.    Defendant gave the note in question, and plaintiff destroyed the old notes and presented no claim against Mr. Harpham's estate.

Defendant's counsel insist that Mr. Harpham's notes were outlawed when the note in suit was given. If the record sustained this claim without dispute, we would not be required to proceed further. *Taylor* v. *Weeks,* 129 Mich. 233, would control. But the record does not show that these notes were outlawed. The statute of limitations did not begin to run on the day the notes were executed; it did not begin to run until the notes fell due. The record is barren of evidence as to what the due dates of the respective notes were, but plaintiff's testimony tends to show that both she and defendant treated and regarded them as valid subsisting claims against the estate of Mr. Harpham at the time the agreement was made and the note in question was given. The case on this record can not be disposed of on the theory that the notes were outlawed and we must proceed further with our inquiry.

There is no testimony or claim that the estate of Mr. Harpham was insolvent. Mr. Harpham had died in December, and the note here involved was given the following February. Had the proceedings in probate court been conducted with all reasonable speed, the last meeting of the commissioners on claims could not have been held at the time the note here involved was given and the old notes given by Mr. Harpham destroyed. From anything that appears in the plaintiff's case, and we must accept her testimony as true on a motion by defendant for a directed verdict, there was no impediment in her way to a presentation of her claim to the commissioners, its allowance and payment out of Mr. Harpham's estate. By the acceptance of defendant's note, which extended the time of payment, and the giving up and destruction of Mr. Harpham's notes, this right was lost to her. Manifestly, to constitute a consideration there must be a detriment to one or a benefit to the·other. Thus, if A has no claim against B but asserts an unfounded one, and

C gives his note to A to settle such unfounded claim, A has parted with nothing and C has received nothing and the note is without consideration. This has been the law of this State since *Rood* v. *Jones,* 1 Doug. 188, and it was upon this theory that the case of *Taylor* v. *Weeks, supra,* was decided. But in the *Rood Case,* Mr. Justice FELCH quite clearly stated the rule. He said:

"It is not denied that every promise must be founded on some legal consideration. The rule of law in reference to the sufficiency of the consideration, seems to be that it must arise, either, first, by reason of a benefit to the party promising, or, at his request, to a third person, by the act of the promisee; or, secondly, on occasion of the latter sustaining any loss or inconvenience, or subjecting himself to any charge or obligation, at the instance of the person making the promise, although such person obtain no advantage therefrom: Ch. Contr., 29. If, in the given case, the consideration be within either of these branches of the rule, it is sufficient.

"When a promise to pay the debt is made by a third person to the creditor, in consideration of his forbearance to sue his debtor, it comes under the latter branch of the rule. The forbearing to sue is a damage to the creditor. He is about to enforce the collection of his dues by using the legal means for that purpose, but he lays aside the instruments by which his money might be obtained of the debtor, in due process of law, and receives instead, the promise of a third person to pay the debt. It can make no difference whether the forbearance be for a long or a short time, or whether the creditor suffers much or little from his forbearance; it is enough if there is an actual relinquishment of his legal remedy, by giving time, or forbearing to enforce the collection of his demand. By forbearing to sue, the plaintiff suffers damages."

In 3 R. C. L. p. 935, it is said:

"But whether a debt due from another person to the payee will support the instrument seems to be a matter of some uncertainty. Some courts assert that if a

third person, without any consideration personal to himself, gives his promissory note to a creditor as collateral to the mere naked debt of another, without any circumstance of advantage to the debtor or disadvantage to the creditor, the note is without consideration. It has been held that a note given by a widow for the payment of a debt due by her husband, who was insolvent at the time of his death, without any new consideration to support it, is void, and that the renewal of the note from time to time will not raise such consideration. On the other hand it has been asserted to be indisputable that an undertaking to pay the debt of another, on condition that that other shall be entirely discharged from liability, is founded on a sufficient consideration, upon the ground that the promisor, in such case, has become an original debtor, on the discharge of the former debt, which is supposed to deprive the promisee of some previous advantage, or to subject him to some prejudice and delay in realizing it."

We have noted that plaintiff must have lost something or defendant gained something in order to furnish a consideration for the note sued on. But it is not necessary that plaintiff negative all possible defenses to the note in suit or to the original notes in order to make a *prima facie* case. The burden was upon her to show a consideration, and this burden rested on her throughout the entire case (*Manistee Nat. Bank* v. *Seymour,* 64 Mich. 59), and the trial court so charged. This burden did not shift to defendant as claimed by plaintiff and as sometimes inaptly stated by courts. But if plaintiff made a *prima facie* case, the burden of going forward with the testimony did rest on the defendant. The plaintiff's testimony made a case. The note itself imported a consideration (*Manistee Nat. Bank* v. *Seymour, supra*). There was proof that defendant signed it, and the testimony we have detailed showed a valid consideration. The burden then rested on the defendant of going forward with the testimony on the

241—Mich.—42.

subject of consideration. This burden she did not take up, contenting herself with leaving plaintiff's case on that subject as it was and insisting she did not sign the note sued upon. On this question the jury found against her. The case upon this record can not be distinguished from and is controlled by *Cawthorpe* v. *Clark*, 173 Mich. 267.

Several assignments of error deal with rulings on the admissibility of proof. As none of these rulings constitutes reversible error, we do not discuss them. The charge of the court stated the law applicable to the case, but defendant claims it was not as full as it should have been, and did not go as far as it should have gone. But no instructions other than for a directed verdict which, as we have seen was properly refused, were preferred. Had defendant's counsel desired further and specific instructions they should have requested them.

The judgment will be affirmed.

NORTH, WIEST, CLARK, McDONALD, and SHARPE, JJ., concurred.

Chief Justice FLANNIGAN and the late Justice BIRD took no part in this decision.