AMERICAN COMMERCIAL ALCOHOL CORP. *v.*
DON G. McAFEE, INC.

1. NOVATION—CONSIDERATION—BILLS AND NOTES.
Creditor's discharge of claim against a debtor *held,* sufficient consideration for note by defendant in favor of creditor where there was a novation of liability from debtor to payor.

2. BILLS AND NOTES—DELIVERY—NOVATION—ESTOPPEL.
Payor's voluntary unconditional delivery of note, intended by all parties to transaction to effect novation of a debtor's liability to payee, *held,* to render such note a valid obligation where payee accepted the note and discharged claim against debtor on open account, new payor being estopped to assert its voluntary assumption of debtor's obligation and that all conditions incident to proposal pursuant to which note had been given had been fulfilled.

3. NOVATION—REVOCATION—EVIDENCE.
Letter written on behalf of creditor to former debtor after novation of latter's liability to payor of note *held,* not to revoke the completed novation nor restore former status because letter was not so offered and debtor had not accepted it as a revocation as it did not recognize plaintiff as a creditor in subsequent bankruptcy proceedings.

4. CORPORATIONS—NOVATION—ULTRA VIRES.
Plea that a novation was *ultra vires held,* not open to corporate payor in action by payee on note (Act No. 327, § 11, Pub. Acts 1931).

Appeal from Superior Court of Grand Rapids; Taylor (Thaddeus B.), J. Submitted January 22, 1936. (Docket No. 93, Calendar No. 38,665.) Decided March 2, 1936. Rehearing denied April 7, 1936.

Assumpsit by the American Commercial Alcohol Corporation, a Maryland corporation, against Don G. McAfee, Incorporated, a Michigan corporation,

on trust mortgage bond notes. Judgment for plaintiff. Defendant appeals. Affirmed.

*Dunham & Sherk,* for plaintiff.

*McAllister & McAllister,* for defendant.

FEAD, J. Don G. McAfee was organizer, president and general manager of the Valley City Oil Company and defendant Don G. McAfee, Incorporated, and was interested in the Port Huron Oil Company. The two oil companies were in debt and had some property. In 1932, McAfee, through his attorney, presented to the creditors of the oil companies a form of agreement under which it was proposed that (1) defendant increase its capital and sell some stock for benefit of its treasury, (2) all assets of the two oil companies be sold to defendant and it assume all liabilities of the oil companies, (3) on completion of the reincorporation of defendant, it execute a trust mortgage on all its assets to an amount to cover the liability of the oil companies and deliver bonds secured thereby to their creditors to the amount of their claims.

The instrument further provided that the creditors consented to the above proposal, to dissolution of the oil companies, to their selling all their assets to Don G. McAfee, Incorporated, on the condition that the latter increase its capital and issue and deliver bonds as above stated to creditors in full payment of their accounts against the oil companies, and, pending the completion of the reorganization, the creditors agreed not to take any legal action against either of the oil companies, provided that the Don G. McAfee, Incorporated, reincorporation be completed by February 29, 1932, and—"This agreement not to be binding unless creditors owning 90 per cent. of the entire accounts, except sundries

accounts, as per list hereto attached, sign this agreement."

Plaintiff was a creditor of Valley City Oil Company in the amount of $1,680.

The form of agreement in the record shows its execution only by plaintiff and it is not claimed that defendant signed any of the similar agreements with other creditors.

February 27, 1932, the attorney who handled the negotiations and transaction for defendant, and in its name, notified plaintiff that creditors owning 90 per cent. of the accounts against the oil companies had signed the creditors' agreement, defendant had completed its reincorporation, the trust mortgage had been executed, and bond notes and copies of the mortgage would follow in a few days.

March 5th plaintiff sent the attorney a copy of the creditors' agreement, signed by it. Under date of March 4th the attorney sent plaintiff a copy of the trust mortgage, bond notes executed by defendant for $1,600, and check for $80 as—"payment in full for any and all indebtednes due you by the Valley City Oil Company or the Port Huron Oil Company."

Plaintiff thereupon balanced the open account of the Valley City Oil Company upon its ledger by giving credit for the notes and entered the latter on its books. The notes were payable, $300 March 1, 1933, $600 March 1, 1934, and $700 March 1, 1935.

February 25, 1933, Valley City Oil Company, by Don G. McAfee, wrote plaintiff that, after mailing out the bonds (notes) in accordance with the creditors' agreement, a majority of creditors in amount had refused to accept them, the refusals were conditional, they had tried to satisfy the creditors but the bonds were not accepted by a majority in amount and requested return of the bonds sent plaintiff as "not valid and of no value," and—"We are, there-

fore, obliged to make other and different arrangements for the payment of claims to the creditors of the Valley City Oil Company, and you will be advised accordingly."

The testimony is not entirely definite but defendant claims the largest creditor had led it to believe it would accept the plan, but had not actually done so, and finally had returned the notes which defendant had sent it.

On the same day of the notice to plaintiff, McAfee signed a petition for voluntary bankruptcy of the Valley City Oil Company and it was filed a few days later. Plaintiff's account was not listed as a claim in the proceedings nor was it notified of them. All the other creditors returned the bonds sent them. A dividend of about three per cent. was finally paid in the bankruptcy action.

The notes due March 1, 1933, were presented to defendant, payment refused, and they were protested.

March 16, 1933, an attorney for plaintiff wrote the Valley City Oil Company that plaintiff had been notified by Don G. McAfee of the Valley City Oil Company that the notes were worthless, he had been instructed by plaintiff to collect his claim against such company, and he asked settlement.

In action upon the notes plaintiff had judgment on trial before the court without a jury.

The assets of the oil companies were not transferred to defendant as contemplated in the proposal. No reason for the failure is indicated in the record.

If there was novation of the liability of the Valley City Oil Company to plaintiff, discharge of plaintiff's claim against it furnished sufficient consideration for the notes. 8 C. J. pp. 219, 221; *Steep* v. *Harpham*, 241 Mich. 652.

Delivery of the notes was, in terms, unconditional. Novation occurred, as intended by the parties, and the notes were valid obligations of defendant unless the 90 per cent. clause in the proposal inhered in the delivery and rendered it conditional.

The written instrument imposed no legal obligations on defendant. Its assumption of the debts of the oil companies remained voluntary until it actually assumed them. If the 90 per cent. of creditors had signed, defendant nevertheless was not obliged to complete the proposal and assume the debts. The failure to secure signatures of 90 per cent. of the creditors could not restrict its own voluntary action. It was at liberty to assume the debts under such conditions as it pleased, or not at all. Aside from estoppel from the representation to plaintiff that 90 per cent. of the creditors had signed, defendant, with full knowledge of the facts, made delivery of the notes without condition as to its liability thereon, in full payment of the Valley City Oil account, and they were accepted as such by plaintiff. Thereby the novation intended by the parties became complete.

The letter of March 16, 1933, by plaintiff's attorney to Valley City Oil Company did not revoke the completed novation nor restore the former status (1) because it was not so offered, and (2) the oil company did not accept the letter as a revocation as it did not recognize plaintiff as a creditor in the bankruptcy proceedings.

The plea that the novation was *ultra vires* is not open to defendant. Act No. 327, § 11, Pub. Acts 1931.

Judgment affirmed, with costs.

North, C. J., and Wiest, Butzel, Bushnell, Edward M. Sharpe, Potter, and Toy, JJ., concurred.