## PARKER v. PARKER.

1. Bills and Notes—Personal Liability of Makers—Equitable Reimbursement.

On personal renewal note, given by directors of a bank incident to restoration of solvency of bank after defalcations of cashier, makers are *held*, personally liable thereon in suit for accounting, but equitably entitled to *pro rata* reimbursement for sums paid thereon by respective makers from assets turned over to one of them as trustee by cashier in case such assets are insufficient to make reimbursement and pay other obligations in full.

2. Same—Banks—Primary Liability—Reimbursement.

Trustees of segregated assets of bank from which cashier had made misappropriations *held,* not liable on renewal note given payee, which had been signed by certain directors, for funds advanced to bank to enable it to continue in business, where neither the bank nor trustees had ever assumed obligation to pay such note although obligors were entitled to at least partial reimbursement from certain assets in control of such trustees.

3. Same—Obligation of Renewals.

Obligation under renewal notes became primarily that of signers thereof where not all signers of original notes joined in making renewals.

4. SAME—TRUSTEES AS MAKERS—BANKS—KNOWLEDGE OF OFFICERS.
Trustee to whom a defalcating bank cashier had transferred assets and who, with some of the other bank directors were endeavoring to restore its solvency *held*, not individually liable on notes signed by him as trustee for moneys advanced by bank for use in operation of trust property and to make payments on another note signed by trustee and others personally to obtain money from payee thereon which was used to reduce shortage created by cashier and for which trust estate was ultimately liable in equity for reimbursement of makers, where operation of the trust was taken over by the bank and all its active officers knew of the maker's relation to the trust and other pertinent details (2 Comp. Laws 1929, § 9269).

5. TRUSTS—CREDITORS—TRUSTEES—PAYEES.
Trustees of segregated assets of bank, being reorganized, which included notes given to bank by trustee of property of defalcating cashier for moneys advanced to operate such property *held*, creditors of trusteed property of cashier and entitled, in case such property was insufficient to pay their claims and those of its trustee and others who became personally liable on a note to obtain money to reduce the shortage, to *pro rata* payment from the trusteed fund.

6. BILLS AND NOTES—EVIDENCE—PAROL EVIDENCE—INTENT.
As between the original parties to a note, parol evidence is admissible to show that persons indorsing in a representative capacity were understood not to be personally liable on the note.

7. SAME—CONTRACTS—NEGOTIATION—STATUTES.
A promissory note is a simple contract until it takes on peculiar features through negotiation by the payee or as may be expressly declared by statute, and, as between the original parties, is subject to the same defenses as if it were nonnegotiable.

8. COSTS—ACCOUNTING—CLAIMS ON APPEAL SUSTAINED IN PART.
In suit for accounting in which trustees of segregated assets of bank being reorganized sustain their contention on appeal in part and fail to do so in part, they are neither awarded nor subjected to costs.

9. SAME—ACCOUNTING—FAILURE TO SUSTAIN CONTENTION ON APPEAL.
Payee of note from liability on which administratrix of deceased maker's estate sought to have estate released from liability in suit for accounting brought by other maker against all parties

involved in the transaction *held,* entitled to costs on appeal against such administratrix, where her contention is not sustained.

Appeal from Genesee; Black (Edward D.), J. Submitted June 15, 1937. (Docket No. 96, Calendar No. 39,589.) Decided November 10, 1937.

Bill by William H. Parker against Ethel Parker, administratrix of the estate of Charles D. Parker, deceased, John A. Parker, Alton E. Reese, Detroit Trust Company, administrator of the estate of W. W. Lyons, deceased, C. D. Doane, Otisville State Bank, Mark A. Wilson, receiver of Union Industrial Trust & Savings Bank, and John A. Parker, William W. Crawford, and John B. Crawford, trustees of segregated assets of Otisville State Bank, for accounting and other relief. Cross-bill by trustees of segregated assets of Otisville State Bank for an accounting and to have certain notes decreed to be personal obligations of plaintiff and defendants Reese, Doane and estate of Charles D. Parker. Cross-bill by administratrix of estate of Charles D. Parker, deceased, to have a note declared not to be a personal obligation of the estate. From decree rendered, defendant trustees appeal and defendant administratrix cross-appeals. Modified and affirmed.

*Neithercut & Neithercut,* for defendant trustees.

*Stockton, Cline & George,* for defendant administratrix.

*Millard & Roberts,* for defendant receiver.

NORTH, J. Plaintiff herein has filed a bill for an accounting in which he seeks to have determined the amount due and payable to each of several of the defendants, as well as to plaintiff, out of trust funds

or trust property held by him and herein referred to as the Prosser trust. Plaintiff also seeks to have determined what, if any, liability exists on the part of the estates of deceased persons whose estates are made defendants herein. The defendants have answered and some of them filed cross-bills. The character of the relief sought by cross-plaintiffs is hereinafter noted. After hearing in open court the trial judge entered a decree in which he recited that William H. Parker and the estate of his deceased brother, Charles D. Parker, are individually liable upon a note held by the Union Industrial Trust & Savings Bank of Flint, formerly the Industrial Savings Bank; but that the note should be paid by the trustees of the segregated assets of the Otisville State Bank, in which event the trust assets held by plaintiff should be turned over to the trustees; but in default of payment by the trustees, defendant William H. Parker should pay the note out of funds to be derived from sale of the Prosser trust assets in his hands, and that after doing so the balance of such trust assets should be turned over to the trustees of the segregated assets of the Otisville State Bank in full satisfaction of the indebtedness of William H. Parker, trustee, on two promissory notes payable to the Otisville State Bank but held by the trustees among the segregated assets of that bank. The effect of the decree accordingly entered in the circuit court is to make the note to the Union Industrial Trust & Savings Bank primarily payable from the Prosser trust funds or properties in the hands of plaintiff and to make the two notes held by the trustees of the segregated assets of the Otisville State Bank payable only from the balance of such trust funds or properties, thus relieving plaintiff and the estate of Charles D. Parker of personal liability on the two notes held by the trustees of the

bank's segregated assets. From the decree entered an appeal has been perfected by the administratrix of the estate of Charles D. Parker and also by the three trustees of the segregated assets of the Otisville State Bank. Other parties have not appealed.

In 1925, Arthur Prosser, the cashier of the Otisville State Bank, misappropriated bank funds in approximately the amount of $56,500. The directors of the bank were concerned with restoring this loss to the bank. Among other things done to accomplish this result, plaintiff, his brother Charles D. Parker, Alton E. Reese, C. D. Doane and George Coon, all of whom were directors of the Otisville State Bank, borrowed from the Industrial Savings Bank of Flint $18,000, giving their personal note therefor. The $18,000 was turned over to the Otisville State Bank for the purpose of restoring solvency. To save the signers of this note from loss the defaulting cashier conveyed and assigned in trust to plaintiff herein certain real and personal property with power to mortgage or to dispose of the same, and the proceeds were to be used in reimbursing those who had advanced the $18,000 to the bank. In 1933, both the Otisville State Bank and the Flint bank went into the hands of receivers. Renewal notes for the unpaid balance on the loan obtained from the Flint bank had been given from time to time. The more recent renewals were signed only by William H. Parker and Charles D. Parker. Before this suit was started Charles D. Parker died. The Flint bank filed a claim for the unpaid balance of its note of approximately $2,400 against the Charles D. Parker estate. By this time there had been placed in the hands of three trustees the segregated assets of the Otisville State Bank, which was being reorganized. These segregated assets included two notes signed

by William H. Parker, trustee, aggregating in principal approximately $7,500. In part at least this money was loaned for use in carrying on the trust created by cashier Prosser as is hereinafter noted.

By her cross-bill, the administratrix of the estate of Charles D. Parker sought a decree relieving the estate of her deceased husband from personal liability on the unpaid balance of the note held by the receiver of the Union Industrial Trust & Savings Bank. She has appealed because this relief was not granted. The trustees in charge of the segregated assets of the Otisville State Bank sought a decree holding William H. Parker and the estate of Charles D. Parker as well as the estates of other signers of the original note to the Flint bank, personally liable in event the two notes held by the trustees were not paid in full from trust funds or trust property. Such personal liability was not decreed by the trial court and on that account the trustees of the Otisville State Bank's segregated assets have appealed.

There is no legal or equitable reason for releasing the estate of Charles D. Parker from liability on the note held by the receiver of the Union Industrial Trust & Savings Bank. But since the proceeds of this loan were given to the Otisville State Bank to reimburse it for moneys unlawfully taken by its defaulting cashier, who in turn delivered in trust to William H. Parker certain property to be liquidated and the proceeds used to save from loss the signers of the note now held by the receiver of the Union Industrial Trust & Savings Bank, clearly in equity if either the plaintiff or the estate of his deceased brother pays this note or any part thereof, the one so paying should be reimbursed from the proceeds of the Prosser property held in trust by plaintiff for that purpose. In effect the circuit judge so held and that part of his decree should be affirmed.

In behalf of the administratrix of the Charles D. Parker estate it is contended that the note just above referred to should be held to be the obligation of the trustees of the segregated assets of the Otisville State Bank. Obviously it cannot be so held. Neither these trustees nor the bank were ever obligated to pay the loan represented by this note. Instead originally the obligation was that of those individuals who borrowed the money from the Flint bank for the purpose of turning it over to the Otisville State Bank so that the latter bank might continue in business notwithstanding the misappropriation of its funds by cashier Prosser. Not all of the men who signed the original note joined in making the renewal notes. The note here in suit was signed only by William H. Parker and Charles D. Parker. The obligation has thus become primarily that of William H. Parker and the estate of Charles D. Parker, deceased. But in event either pays the note in full or in part, to that extent such party is entitled to be reimbursed from the Prosser trust on the theory of being a creditor of that trust estate. If there are others sustaining a like relation and the trust estate is insufficient to pay all in full, payment should be made *pro rata.*

As above stated, the Otisville State Bank closed in February, 1933. At that time it held two notes signed by William H. Parker as trustee. At the date of the hearing the amount due on these notes respectively was $3,236.26 and $5,875.50. It was the holding of the circuit judge that because of the circumstances surrounding the borrowing of this money, these obligations bound Mr. Parker only as trustee, and hence were not his personal obligations, but instead were payable only from the proceeds of the property constituting the Prosser trust after

the balance of $2,433.43 of the Flint bank's obligation was satisfied. The trustees of the segregated assets of the Otisville State Bank have appealed from this portion of the decree.

The following additional facts are material as bearing upon the issue of whether William H. Parker is individually liable or liable only as a trustee on these two notes held with the other segregated assets of the Otisville State Bank. Some of the properties taken over by Mr. Parker as trustee in the Prosser trust were incumbered. This necessitated paying interest from time to time. There were items of taxes, repairs, labor charges, expense of clearing title, etc. The Otisville State Bank was interested in the successful carrying on of the Prosser trust. All the active officers knew of the details of this trust. In fact, eventually those in charge of the Otisville State Bank took over, largely if not wholly, the management of the Prosser trust. In so doing the bank had to expend certain sums of money from time to time. On such occasions the bank would embody the advancement in a note, and upon request William H. Parker would sign the note but always in his capacity as trustee. All parties concerned knew that the various transactions were but details of carrying out the Prosser trust. The question arises whether the bank, now acting through the trustees of its segregated assets, after having actually taken charge of the execution of the Prosser trust and having dealt with full knowledge of the trust capacity in which William H. Parker was at all times acting, can hold him individually liable or whether liable only in his trust capacity.

In connection with this phase of the appeal it should be noted that certain sums included in these two notes were in fact used to make partial pay-

ments on the note held by the Flint bank. The exact amount of such payments cannot be ascertained from this record; but it is a fair inference that they will be more than offset by the balance that will remain in the Prosser trust after paying the amount still owing to the Flint bank. This balance appears to be in excess of $5,000. On this record decision must be made in the light of the fact that the money for which the trustees of the segregated assets would hold plaintiff personally liable was advanced to him by the Otisville State Bank as a trustee to be used for the benefit of the trust and the notes therefor were signed by William H. Parker as trustee. All parties concerned knew that Mr. Parker had no other purpose than the execution of the trust and that he was at all times acting solely in his capacity as trustee. The bank was dealing with him solely in the capacity of trustee, and with full knowledge of all the details of the trust transaction. Under such circumstances it is not now within the right of the bank, acting through the trustees of its segregated assets, to hold William H. Parker liable as an individual rather than in his capacity as trustee of the Prosser trust. As holders of the two notes the trustees are creditors of the Prosser trust estate. They must look to the trust estate for payment; and in event of insufficient funds to satisfy all like claims *pro rata* payment should be made and accepted.

Our conclusion that the trustees of the bank's segregated assets can look only to the trust estate for payment under the circumstances of this case is in accord with the statutory provision and decisions of this State.

"Where the instrument contains, or a person adds to his signature, words indicating that he signs

for or on behalf of a principal, or in a representative capacity, he is not liable on the instrument if he was duly authorized, but the mere addition of words describing him as an agent, or as filling a representative character, without disclosing his principal, does not exempt him from personal liability.'' 2 Comp. Laws 1929, § 9269.

''As between the original parties to a note, parol evidence is admissible to show that persons indorsing in a representative capacity were understood not to be personally liable on the note. *Lexington State Bank* v. *Rose City Creamery Co.,* 207 Mich. 81.

''After all, a promissory note is a simple contract until it takes on peculiar features through negotiation by the payee or as may be expressly declared by statute. As between the original parties, it is subject to the same defenses as if it were nonnegotiable.'' *Annis* v. *Pfeiffer,* 278 Mich. 692.

See, also, *Wright* v. *Drury Petroleum Corp.,* 229 Mich. 542.

Our conclusion is that the trial judge was in error in ordering the trustees of the segregated assets of the Otisville State Bank to pay the note held by the receiver of the Union Industrial Trust & Savings Bank. Instead this note is primarily the joint and several obligation of William H. Parker and the estate of Charles D. Parker, deceased. But in event of the payment by either, such party is entitled to be reimbursed from funds of the Prosser trust estate. Also that the two notes held as part of the segregated assets of the Otisville State Bank are not personal obligations of William H. Parker, but instead are obligations only of the Prosser trust estate and are payable therefrom. As noted above, in case the assets of the Prosser trust are insufficient to pay creditors in full, payment on the above obligations should be made *pro rata.* The result thus

indicated should be worked out by plaintiff as the trustee holding the property of the Prosser trust estate.

On this appeal the contention of the trustees of the segregated assets of the Otisville State Bank has been sustained in part and in part it has not been sustained. They should neither be awarded costs nor subjected to costs of this court. The administratrix of the estate of Charles D. Parker deceased was one of the appellants. Her contention as against the rights of the receiver of the Union Industrial Trust & Savings Bank is not sustained, and this bank may therefore tax costs of this court against the administratrix of the estate of Charles D. Parker, deceased. The decree entered in the circuit court will be modified by a decree of this court in accordance herewith.

FEAD, C. J., and WIEST, BUTZEL, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.