TRAVERSE CITY DEPOSITORS' CORP. *v.* CASE.

1. TRUSTS—BILLS AND NOTES—CONSIDERATION.

In suit by transferee of renewal note, signed by trustees of the estate of a deceased owner of a one-fourth interest in a partnership association which had conducted a lumber business and given in part payment of the association's indebtedness, evidence on issue of adequacy of consideration *held*, to establish that at time original note was given the trustees' interest in the business which they had received from the estate was worth at least the amount for which they gave the note.

2. SAME—BILLS AND NOTES—CONSIDERATION—PARTNERSHIPS.

A bank which was holder of a note that had been executed by a partnership, in accepting the note of the trustees of the estate of one of the partners together with notes of the other partners, so as to permit the turning over of the assets to the members, relieved the estate from further liability for the entire indebtedness of the firm, thereby suffered a legal detriment and the promisor obtained a legal benefit, hence there was sufficient consideration to support the note (2 Comp. Laws 1929, § 9274).

3. SAME—EQUITY—BILLS        AND        NOTES—CONSIDERATION—CLAIMS AGAINST ESTATE.

Trustees of estate of owner of a one-fourth interest in lumber business, which interest had been turned over to, and accepted by, them in the course of the administration of the estate, who gave note to bank for estate's proportionate amount of partnership note that had been held by bank, may not in a court of equity escape liability for note on the ground that there was no consideration for the renewal notes nor because a claim had not been filed against the estate in the probate court (2 Comp. Laws 1929, § 9274).

4. BILLS AND NOTES—ANTECEDENT DEBT—CONSIDERATION.

An antecedent or a preexisting debt constitutes valuable consideration for a note (2 Comp. Laws 1929, § 9274).

5. SAME—TRUSTEES—SIGNATURES—PERSONAL LIABILITY.

Trustees of the estate of a decedent to whom decedent's one-fourth interest in a partnership conducting a lumber business

---

Antecedent debt as consideration, cf. 1 Restatement, Contracts, § 86 (3).

Personal liability of trustee who signs a negotiable instrument in his representative capacity, see 1 Restatement, Trusts, § 263, comment e.

had been turned over were not personally liable on note signed by them as trustees of the estate where they were duly authorized so to sign, signature was in a representative capacity and disclosed that the estate was the principal (2 Comp. Laws 1929, § 9269).

Appeal from Grand Traverse; Gilbert (Parm C.), J. Submitted January 16, 1941. (Docket No. 92, Calendar No. 41,463.) Decided April 8, 1941.

Bill by Traverse City Depositors' Corporation against Ralph Case and Joseph M. Crotser, individually and as trustees of the estate of Joseph O. Crotser, deceased, and Clyde W. Overholt, trustee of said estate, to enforce payment of a note. Decree for defendants. Plaintiff appeals. Reversed in part for entry of decree against defendant Overholt, as trustee of said estate.

*Meggison & Menmuir,* for plaintiff.

*William J. Lehmann,* for defendants Crotser and Overholt.

*Robert B. Murchie,* for defendant Case.

BOYLES, J.  Bill of complaint in this case was filed to enforce payment on a $1,000 note executed August 2, 1933, by Joseph M. Crotser, Ralph Case and W. P. Crotser, as trustees of the estate of Joseph O. Crotser, deceased. The First-Peoples State Bank, payee, transferred the note to plaintiff, Traverse City Depositors' Corporation, for liquidation. In 1936, the three above-named trustee defendants were succeeded by Clyde W. Overholt as sole trustee and he is joined as defendant solely in his present capacity as trustee. The plaintiff seeks

to hold the trust estate liable for the note, or, in the event the trust estate is found not liable, to hold Ralph Case and Joseph M. Crotser personally and individually liable. The court below denied relief against all defendants, from which plaintiff appeals.

This indebtedness began originally in 1915. At that time the Carp Lake Lumber Company began borrowing from the bank. The lumber company was a copartnership association owned in equal shares by four individuals, viz.: Ralph Case, W. P. Crotser, H. F. Boughey and Joseph O. Crotser. This indebtedness in 1930 amounted to something over $10,000. In the meantime, in 1925, Joseph O. Crotser died and his estate was probated. He left considerable estate and no claim was filed against it on any of the lumber company notes. Joseph O. Crotser's one-fourth interest in the lumber company was inventoried in his estate at $5,000. During the administration of his estate in 1936, his heirs-at-law, with the approval of the probate court, executed an agreement by virtue of which the residue of his estate was apportioned and distributed. Under this agreement, the remainder of the estate, after certain other distributions, and including the estate's interest in the lumber company, was turned over to Joseph M. Crotser, Ralph Case and W. P. Crotser, as trustees, to liquidate, carry on the necessary business in connection therewith, and make final division thereof. Said trustees were given full power and authority to manage said estate, sign and deliver all necessary conveyances and instruments of every nature or kind which might become necessary in carrying on the trusteeship. They continued to act in that capacity for approximately 10 years until in 1936 the property of the trust estate was turned over to Clyde W. Overholt, appointed as their successor in the trust. On July 12, 1930, the bank held the Carp Lake Lumber Com-

pany note in the amount of $10,956.20 and an agreement was entered into by which more than one-fourth of this indebtedness was cancelled, represented in part by the obligation of one of the four owners of the lumber company, that portion being deemed uncollectible. The remaining three owners were Ralph Case, W. P. Crotser and the estate of Joseph O. Crotser. The indebtedness of the lumber company was reduced to $7,500. In place of the lumber company note, three notes for $2,500 each were executed and delivered to the bank. One of them was the individual note of Ralph Case, and another one the individual note of W. P. Crotser, each for $2,500. These notes have been paid. The third note for $2,500 was executed and delivered July 12, 1930, signed by the three trustees, Joseph M. Crotser, Ralph Case, and W. P. Crotser as trustees of the estate of Joseph O. Crotser. The indebtedness of the lumber company to the bank was satisfied in that manner on July 12, 1930, the new notes being taken in lieu of the same. The note given by the trustees was renewed from time to time. On August 22, 1931, $1,500 was paid thereon by the trustees and a new note executed for $1,000 by the trustees. This note was renewed from time to time and finally, on August 2, 1933, the last note for $1,000 was executed by the trustees, this being the note on which plaintiff now bases its claim in this suit. It was signed as follows:

"J. M. CROTSER
"R. CASE
"W. P. CROTSER
"As trustees of Estate of J. O. Crotser."

Plaintiff seeks to collect this note, and interest, either as an obligation of the trust estate or the personal obligation of Ralph Case and Joseph M. Crotser individually. W. P. Crotser is deceased and

not joined. Ralph Case in his answer admits that the note is a valid obligation of the trust estate and that it was given for a good and sufficient consideration, but denies personal liability on the note. Defendants Joseph M. Crotser and Clyde W. Overholt admit the execution of the note but claimed in the court below and here that the note was without consideration to the estate of Joseph O. Crotser and, therefore, the estate was not liable. Joseph M. Crotser also denied any personal liability. None was claimed against Overholt.

It is conceded that no claim was filed against the estate of Joseph O. Crotser, deceased. The one-fourth interest in the lumber company owned by Joseph O. Crotser in 1926 was inventoried in his estate at $5,000. There is testimony to the effect that one of the trustees valued the company at $25,-000. There was testimony that just prior to 1930 trustees Case and Crotser refused to sell the Oregon timber land owned by the company for $12,000. The tax statement received in evidence showed the assessed valuation at $12,100, with delinquent taxes amounting to about $2,500. Other property owned by the company in 1930 was testified to be worth from $1,445 to $2,300. No doubt the value of the lumber company's property was at a high tide in 1926 or 1927 when a one-fourth interest was inventoried at $5,000. We also recognize that the values were at a low ebb from 1930 to 1933, at which time several witnesses fixed its value at less than $2,500. The trustees, although authorized to sell, elected to retain their interest in the company. The court below, in attempting to find the value, frankly stated that it was in fact impossible to fix any exact value of the assets of the lumber company. Assuming that the question of adequacy of consideration is material to the issue, the record convinces us that

the value of the one-fourth interest in the lumber company which the trustees received from the estate of Joseph O. Crotser was reasonably worth $2,500 in 1930. Some weight must be given to the fact that the trustees who received the one-fourth interest in 1926 elected to retain it rather than liquidate. They had full authority to do so. It is common knowledge that other investors made the same mistake.

The bank, in accepting the trustees' note for $2,500, parted with a valuable consideration and released the partnership association of its indebtedness so as to permit the turning over of its assets to the members, thereby relieving the trustees of the estate of Joseph O. Crotser from any question of further liability for the entire lumber company indebtedness. This was in effect a legal benefit to the promisor or a legal detriment to the promisee. In itself, this constitutes consideration. *Steep* v. *Harpham,* 241 Mich. 652. It is not denied that the debt was originally a legal obligation of Joseph O. Crotser during his lifetime and properly a claim against his estate if filed as such. In making distribution of his estate during the course of administration and before the estate was closed, the lumber company assets were turned over to and trusteed with Joseph M. Crotser, Ralph Case and W. P. Crotser as trustees. Under these circumstances, taken in conjunction with the subsequent conduct and action of all the parties, equity will not allow the estate to escape liability for its proportionate share of the indebtedness of the lumber company on the mere claim that there was no consideration for the renewal notes because a claim had not been filed against the estate. See *Steep* v. *Harpham, supra.* An antecedent or a preexisting debt constitutes valuable consideration. 2 Comp. Laws 1929,

§ 9274 (Stat. Ann. § 19.67); *Graham* v. *Smith,* 155 Mich. 65; *Kewanee Private Utilities Co.* v. *Runzel,* 256 Mich. 345.

Plaintiff claims that defendants Ralph Case and Joseph M. Crotser are personally and individually liable for the note. The answer to this is in the uniform negotiable instruments law. 2 Comp. Laws 1929, § 9269 (Stat. Ann. § 19.62), provides that, where the instrument contains words indicating that a person signs in a representative capacity, he is not personally liable if he is duly authorized to sign, and discloses his principal. Defendants Case and Joseph M. Crotser signed as "trustees of Estate of J. O. Crotser." They were authorized to do so. The wording of the instrument purporting to make each signer a maker was not a separate undertaking of each signer but a part of the instrument itself and signed by them as "trustees." Only as such trustees are they bound thereby. *Wright* v. *Drury Petroleum Corporation,* 229 Mich. 542; *Parker* v. *Parker,* 282 Mich. 158. The authorities cited by plaintiff to the contrary were decided before the effective date of the uniform negotiable instruments law and do not control. '

That part of the decree holding that the defendants are not personally liable is affirmed. The decree holding that the trustee of the estate of Joseph O. Crotser, deceased, is not liable is reversed for entry of a decree in favor of plaintiff and against Clyde W. Overholt, as trustee of the estate of Joseph O. Crotser, deceased, for the unpaid amount of the note, and interest, with costs.

SHARPE, C. J., and BUSHNELL, CHANDLER, NORTH, MCALLISTER, WIEST, and BUTZEL, JJ., concurred.