W. T. RAWLEIGH CO. *v.* BOWEN.

1. TRIAL—NONJURY CASE—CREDIBILITY OF WITNESSES—WEIGHT OF EVIDENCE.

In an action at law tried without a jury, the trial court, as trier of the facts, may judge the credibility of witnesses and the weight to be accorded their testimony.

2. APPEAL AND ERROR—NONJURY CASE—WEIGHT OF EVIDENCE.

On appeal in an action at law which has been tried without a jury, the Supreme Court examines the record to ascertain whether or not the trial court's determination is against the preponderance of the evidence.

3. CONTRACTS—KNOWLEDGE OF TERMS—FRAUD.

One who signs a contract will not be heard to say that he did not read it, or that he supposed it was different in its terms except as the neglect to read was not due to carelessness alone but was induced by some stratagem, trick, or artifice on the part of the one seeking to enforce the contract.

4. BILLS AND NOTES—FRAUD—WEIGHT OF EVIDENCE.

Finding of trial court in nonjury action on joint and several promissory note that three of the four makers who had been sureties for fourth maker on credit extended to him by payee, a foreign corporation, had sustained burden of proving the note had been obtained through trickery and fraud *held,* against the preponderance of the evidence.

5. SAME—CONSIDERATION—PRE-EXISTING LIABILITY AS SURETIES.

Pre-existing liability as sureties for the payment of the indebtedness of a comaker of a promissory note constituted sufficient consideration for the execution of such note as joint makers (2 Comp. Laws 1929, § 9274).

6. APPEAL AND ERROR—REMAND—USURY—DAMAGES.

Question of usury arising from provision in promissory note for payment of 10 per cent. of principal and interest as collection

---

Sufficiency of pre-existing liability as consideration for a contract, see 1 Restatement, Contracts, § 86.

fees, alleged in answer but not raised on appeal, is to be determined by trial court upon remand for assessing plaintiff's damages.

Appeal from Presque Isle; Smith (Fred P.), J. Submitted January 5, 1944. (Docket No. 33, Calendar No. 42,586.) Decided February 24, 1944.

Assumpsit by W. T. Rawleigh Company, an Illinois corporation, against Lee F. Bowen, Max Kowalewsky, Martin Streasick, and Herbert Cole on a promissory note. Defendant Bowen was not served with process. Judgment for other defendants. Plaintiff appeals. Reversed and remanded for determination of damages.

*Shepherd & Berry,* for plaintiff.

*Frederick P. Hempel,* for defendants.

STARR, J. Plaintiff appeals from a judgment for defendants entered by the trial court sitting without a jury.

In about October, 1931, plaintiff, an Illinois corporation, and defendant Lee F. Bowen of Presque Isle county, entered into a written contract whereby plaintiff agreed to sell and Bowen to purchase certain merchandise. Defendants Kowalewsky, Streasick, and Cole signed a written instrument attached to the Bowen contract, which provided in part:

"In consideration of the W. T. Rawleigh Company, the above-named seller (plaintiff) extending credit to the above-named buyer (defendant Bowen), we, the undersigned do hereby jointly and severally enter ourselves as sureties, and unconditionally promise, guarantee and agree to pay the said seller for all products sold and delivered to said buyer

under the terms of the above contract.   *   *   *   We hereby expressly waive notice   *   *   *   of extension of credit to the buyer   *   *   *   and waive all notice of any nature whatsoever.   *   *   *   We also agree that it shall not be necessary for the seller to first exhaust its remedies against the buyer before proceeding to collect from us.''

In about June, 1932, plaintiff's representative demanded payment from Bowen of the balance of $495.55, which he then owed. Bowen was unable to make payment, and he and defendants Kowalewsky, Streasick, and Cole signed a joint and several promissory note for said balance, payable to plaintiff October 29, 1932, with interest at six per cent.

In January, 1936, plaintiff began the present suit on the promissory note against the four defendants. Bowen had left that part of the country and was not served with process. The other defendants were served and filed answer denying liability and alleging in substance that there was no consideration for the note; that they signed it as sureties and not as joint makers; and that the note was usurious.

In his opinion the trial court determined that plaintiff obtained the note in question through trickery and fraud. Judgment was entered for defendants, and plaintiff appeals.

In a law action tried without a jury, the trial court, as the trier of the facts, may judge the credibility of witnesses and the weight to be accorded their testimony. On appeal, we examine the record to ascertain whether or not the trial court's determination is against the preponderance of the evidence. *Flat Hots Co., Inc.*, v. *Peschke Packing Co.*, 301 Mich. 331; *Hanson* v. *Economical Cunningham Drug Stores, Inc.*, 299 Mich. 434.

We shall discuss briefly the relevant testimony shown by the record in the present case. Plaintiff's

representative, who obtained the note in question, testified in part:

"I demanded a cash settlement, and Mr. Bowen and his sureties were unable to raise the cash, and I took the note in lieu of cash.  *  *  *

"*Q.*  What did you tell these parties?  Why did these sureties give you this note?

"*A.*  I told them the amount due at that time was payable in cash, and I would like to get a settlement; and since they couldn't raise the cash, I told them that I would accept a 90-day note, but one of them—I don't know which it was—wanted 30 days beyond that, and I extended it four months.  *  *  *

"*Q.*  Was the principal on the original contract, Mr. Bowen, with you when they (the note) were signed?

"*A.*  Yes, sir.  *  *  *

"*The Court:*  *  *  *  Did Mr. Bowen say anything in the presence of the sureties?

"*A.*  He just told them he was short that much, that he owed that much to the company.  *  *  *

"*Q.*  And the note was given for the amount he told them he was short?

"*A.*  Yes.  *  *  *

"I told them they were responsible on the note, just the same as they were on the contract.  *  *  *

"I handed it (the note) to them to read."

Defendant Kowalewsky testified that he met defendant Bowen and the representative of plaintiff company; that he did not read the note when he signed it; and that he did not "specifically recall" the circumstances of his signing.  He further testified:

"*Q.*  What did this man who purported to be from the Rawleigh Company  *  *  *  say about that instrument?

"*A.*  The only thing he told me—everything was A-No. 1 condition with Mr. Bowen; that there was

enough stuff on hand to cover all expenses, but I should sign this paper.  *  *  *

"He told me I was supposed to sign it because the other fellows signed it.  *  *  *

"I was the last man to sign it.  *  *  *

"*Q.* Then the only reason you signed it was because Mr. Bowen was with him?

"*A.* Bowen was with him, and he said, 'We need your signature because the other fellows signed it,' and I had to.  *  *  *

"*Q.* And you signed it without asking any questions as to what your liabilities would be?

"*A.* Yes."

Defendant Streasick testified that defendant Bowen and plaintiff's representative came to his farm and that he signed the note without reading it. He further said:

"*Q.*  *  *  * Did they ask you to sign that paper?

"*A.* Yes. And I asked them what it was all about. He came over and said, 'Just as you signed a contract.'  *  *  * I told them I wouldn't sign it, any patent medicine note, and they said everything was in good standing, and O. K. standing, Lee Bowen was.  *  *  * And he said, 'It is the same as you signed before.'  *  *  * And they tell me it wouldn't amount to anything, and Lee Bowen had an awful good standing, and don't be afraid of it. He said, 'If I had the least idea Lee Bowen would fail we would take the stuff and wouldn't bother you.'  *  *  *

"I said, 'I ain't signing no papers for patent medicine.' And he said, 'You signed them once for reference, and they are just the same.' And I said, 'I ain't signing anything.'  *  *  *

"I signed it just because this fellow told me it was a reference."

Defendant Cole testified in substance that defendant Bowen and plaintiff's representative came to see him; that Bowen requested him to sign the note; and that he signed it without reading it. He further said:

"They told me that he (Bowen) was a little behind in his payment for the goods, and well, they said they had stuff—he had goods outside he hadn't collected for yet, but he had—he was in good standing. He had plenty of goods to offset what he owed the company. * * *

"As I remember, he said that that was the same as the contract. * * *

"He (Bowen) told me it was a reference. * * *

"Q. * * * It was your understanding then that the signature on the note was being given because Mr. Bowen was a little behind, is that right?

"A. That is right.

"Q. You say your idea was to sort of help Bowen out until he could raise the money, is that the idea?

"A. That is what I understood."

This was a business transaction, and no fiduciary relationship existed between plaintiff and defendants. There was no showing that defendants were inexperienced in business, illiterate or incapable of determining the nature of the instrument they signed. The note was plain and unambiguous, and defendants had the opportunity to read it before they signed it. They knew that the note related to defendant Bowen's business and to the agreement of suretyship which they had previously signed. The note did not impose liability for an amount greater than defendants' obligation under the agreement of suretyship; it merely changed the nature of their liability from that of sureties to that of joint

makers.   In *International Transportation Ass'n* v. *Bylenga,* 254 Mich. 236, 239, we said:

"This court has many times held that one who signs a contract will not be heard to say, when enforcement is sought, that he did not read it, or that he supposed it was different in its terms.   *Gardner* v. *Johnson,* 236 Mich. 258; *Draeger* v. *Kent County Savings Ass'n,* 242 Mich. 486; *Powers* v. *Indiana & M. Elec. Co.,* 252 Mich. 585.   But the general rule announced in those cases is not applicable when the neglect to read is not due to carelessness alone, but was induced by some stratagem, trick, or artifice on the part of the one seeking to enforce the contract."

See, also, *Northern Assurance Co.* v. *Meyer,* 194 Mich. 371.

The burden was on defendants to establish by a preponderance of the evidence that they were induced to sign the promissory note in question by plaintiff's fraud.   From a careful study of the record we are unable to find evidence of such fraud. With due regard to the determination of the trial court, we are convinced that its findings were against the preponderance of the evidence.

Defendants' pre-existing liability as sureties for the payment of the indebtedness of defendant Bowen to plaintiff constituted a sufficient consideration for their execution of the note in question as joint makers.   2 Comp. Laws 1929, § 9274 (Stat. Ann. § 19.67); *Traverse City Depositors' Corp.* v. *Case,* 297 Mich. 304.

In their answer defendants alleged that the note in question was usurious, because it provided for the payment of 10 per cent. of the principal and interest as collection fees.   The question of usury was not raised on appeal.   As the case is to be remanded, the question of usury will be determined by the trial court in assessing plaintiff's damages.

The judgment for defendants is reversed and the case remanded to the trial court for the determination of plaintiff's damages. Plaintiff shall recover costs.

NORTH, C. J., and WIEST, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.