## HEMAN ROOD v. NATHAN JONES.

An agreement by the plaintiff with the defendant, to forbear suit against a third person, who was the plaintiff's debtor, is a good consideration for the defendant's promise to pay the debt.

A creditor's agreement to forbear seizing certain property on attachment against his debtor, will not support a promise, by a third person, to pay the debt, if, at the time, the debtor had no interest in the property.

In a suit upon a promissory note, made by the defendant, in consideration of the plaintiff's forbearance to seize certain property on attachment against his debtor, the onus of proving that the debtor had, at the time, no interest in the property, and that therefore the note was without consideration, is upon the defendant.

ERROR to Cass Circuit Court.

The plaintiff brought assumpsit upon two promissory notes, made by one Martha Lindsey and by the defendant, as surety, payable six months after date, to the order of the plaintiff. Plea, general issue. On the trial it appeared on the part of the defence, that William Lindsey, the husband of Martha, being indebted to the plaintiff, had absconded or left the state, and that, on the day of the making of the notes, the plaintiff's agent went to the residence of said Martha and her family, and told her that he wished her to secure a debt which the plaintiff had against her husband, by the joint note of herself and brother, the defendant, and that, unless she did so, he should attach the property on the premises occupied by her. Whereupon, the notes declared upon, were executed and delivered to the plaintiff's agent.

The Court charged the jury that an agreement to forbear suit was not a good consideration for a promissory note or other promise, unless made with the debtor, or some person on his behalf,—as, if made with a stranger, the debtor could not enforce it, or recover damages for the

breach of it, and therefore the creditor could not enforce it against such stranger.

The Court further charged the jury that an agreement by a creditor, not to attach the property of his debtor, would not preclude him from proceeding against such debtor immediately, by ordinary process of law, and that, therefore, such agreement would not be a good consideration for a promise, unless it was made to appear that the debtor had property subject to attachment at the time; but that, unless it was so made to appear, such promise would be without consideration and void.

The plaintiff excepted to the charge of the Court, upon these two points, and, the jury having found a verdict for the defendant, tendered a bill of exceptions, and removed the record into this Court by writ of error.

*Vincent L. Bradford*, for the plaintiff.

*E. S. Smith*, for the defendant.

FELCH, J. delivered the opinion of the Court.

1. The substance of the ruling of the Court on the first point, to which exception is taken, may be stated in these words;—if A has a demand against B, and threatens to bring his suit, and C, a stranger, in consideration that he will forbear to do so, gives to A his promissory note for the amount of the debt, such consideration for the promise is insufficient, and the note invalid.    This proposition appears to concede that such consideration would be sufficient to maintain a promise to pay by the debtor himself, but denies that a stranger could be bound by the promise.

It is not denied that every promise must be founded on some legal consideration.    The rule of law in reference to the sufficiency of the consideration, seems to be that it must arise, either,—first, by reason of a benefit to the party promising, or, at his request, to a third person, by the act of

the promisee,—or, secondly, on occasion of the latter sustaining any loss or inconvenience, or subjecting himself to any charge or obligation, at the instance of the person making the promise, although such person obtain no advantage therefrom. Ch. Contr. 29. If, in the given case, the consideration be within either of these branches of the rule, it is sufficient.

When a promise to pay the debt is made by a third person to the creditor, in consideration of his forbearance to sue his debtor, it comes under the latter branch of the rule. The forbearing to sue is a damage to the creditor. He is about to enforce the collection of his dues by using the legal means for that purpose, but he lays aside the instruments by which his money might be obtained of the debtor, in due process of law, and receives instead, the promise of a third person to pay the debt. It can make no difference whether the forbearance be for a long or a short time, or whether the creditor suffers much or little from his forbearance; it is enough if there is an actual relinquishment of his legal remedy, by giving time, or forbearing to enforce the collection of his demand. By forbearing to sue, the plaintiff suffers damage. *Elting* v. *Vanderlyn*, 4 John. R. 237; *Lent et al.* v. *Padelford*, 10 Mass. R. 230; *Lonsdale* v. *Brown*, 4 Wash. C. C. R. 148; *King* v. *Upton*, 4 Greenl. R. 552.

In all of the above cases, with the exception of that of *Lonsdale* v. *Brown*, the promise was made by a third person, and no objection appears to have been taken on that ground. The right of recovery against a third person on such a promise, is, however, sustained also by direct authority. In Chitty on Contracts, 35, such agreement to forbear, is stated to be a "sufficient consideration for the promise of the debtor, *or a third person,* to pay the debt, or more, or to do any other act ;" and in support of this doctrine, 1 Roll. Ab. 24 pl. 33 ; Com. Dig. *Action upon the case upon assumpsit,* (F.)

Rood *v.* Jones.

8. *Assumpsit* (B.) 1; 2 Saund R.136 ; and 3 Chit. Com. L. 66, 67, are cited.    In a note to *Barber* v. *Fox*, 2 Saund. R. 136, it is laid down that a promise, by an executor, to pay the debt of the testator, in consideration of forbearance to sue, will bind the executor *de bonis propriis*, whether he has assets or not.    In *Smith* v. *Algar*, 1 Barn. & Adolp. 603, decided in the King's Bench, in 1830, the defendant, in consideration of forbearance to levy a fi. fa. on the property of a third person, the judgment debtor promised to pay nearly double the amount of the debt.    The Court, upon demurrer, held the defendant's promise good, and the consideration sufficient.    They decide nothing as to the measure of damages, but declare the promise, though made by a third person, to be binding.    Indeed, on an examination of the numerous cases in the books where suits have been maintained upon promises founded on consideration of forbearance, most of them will be found to be cases where the promise was made by third persons.    In ordinary cases, no such consideration would be needed to sustain a promise by the debtor; the original indebtedness being sufficient for that purpose.

It is not necessary for us to inquire whether the transaction was of such a character that the debtor could avail himself of it to defer the collection of the debt against him, nor whether the defendant could maintain a suit for the breach of the plaintiff's contract to forbear to sue.    If the plaintiff has foreborne to sue, in fact, according to his undertaking, it is a sufficient consideration to enable him to recover of the defendant on his promissory notes, given for the amount of the debt.    Chit. Contr. 37.

From this view of the law of the case, it is evident that such a promise may be good, although not made with the debtor, or any person in his behalf, and that the consideration of forbearance by the plaintiff, is sufficient to maintain a suit upon a promissory note given by a third person

for the amount of the debt.    The charge of the Court below, on this point, was therefore erroneous.

2.  The second branch of the charge of the Court, to which exception was taken, was, in substance, that in order to make a promise of the defendant to pay the debt of another, valid, when founded upon consideration of the creditor's forbearing to issue an attachment against the debtor's property, it should appear that the debtor had property subject to attachment at the time.   The proof in the case went to show that the plaintiff threatened to take out an attachment, and levy on certain property on the place where Mrs. Lindsey resided, as the property of the debtor.   The consideration of defendant's promise, as before stated, was his forbearing to obtain this attachment and take the property thereon, as he legally might have done.   It is the damage he has sustained, or may sustain, by thus yielding his power over the debtor's property, that constitutes the validity of the consideration. Certain things, however, are necessary to the sufficiency of such a consideration.   There must be, for instance, a valid debt due to the creditor.   If no suit could be maintained, and this were clearly shown on the trial, the consideration for the defendant's promise would be insufficient.    Chit. on Contr. 35 ; *Gould* v. *Armstrong*, 2 Hall. R. 266.   So, when the consideration was a forbearance to levy by virtue of a fi. fa. on certain property, and it proved that he had no right to levy, because the property was not the debtor's, the consideration would fail.   So, in case of a forbearance to take an attachment against certain specified articles of personal property, if it appeared on the trial that the debtor had no interest in the property liable to attachment, the consideration would fail.   The detriment or injury to the plaintiff in not obtaining his attachment, would, in such case, be nothing.   His forbearance would be no waiver or delay of any legal right, and being utterly worthless in fact and

and in law, could not be the foundation of a valid promise. So far, then, as the charge of the Court was intended to assert the doctrine that the consideration was insufficient, if the debtor had no interest in the property intended to be attached, it was correct.  It should, however, be remembered, that the promissory notes on which the plaintiff declared, of themselves, imported a consideration, and the burden of proof was on the defendant to show the failure of the consideration, or its original insufficiency.

*Judgment reversed.*