SMADER, Respondent, vs. COLUMBIA WISCONSIN COMPANY, Appellant.

*October 20, 1925—January 12, 1926.*

*Assignments: Validity: Where assignor has no claim: Money paid on behalf of another: Acceptance by creditor: Effect.*

1. The assignment of the amounts paid by purchasers to the C. Company, which had the agency for a certain automobile, on contracts for the purchase of automobile trucks, gives the assignee no right thereto where such contracts had been canceled and new contracts of purchase had been entered into with the S. Company, which succeeded to the agency, on which the purchasers received credit for the identical amount paid on the original contract, since they then had nothing to assign.  p. 533.
2. Where an assignor has nothing to assign at the time of an attempted assignment, the assignee acquires no better right than the assignor.  p. 533.
3. Generally, payments by a third party who is not a party to an action, though not made by his authority, are available as a defense if accepted by plaintiff.  p. 533.
4. Where defendant interposed as a defense to the action by the assignee that the debt which it owed purchasers had been paid by another, such defense operated as a ratification of the payment by such other, and rendered defendant liable to it for the amount of credit given to the purchasers.  p. 533.

APPEAL from a judgment of the circuit court for Milwaukee county: GUSTAVE G. GEHRZ, Circuit Judge. *Reversed.*

The W. H. Kranz Company and Frank Luxem & Company each separately entered into a contract with the defendant for the purchase of a Diamond T. motor truck for $2,500. Each purchaser paid the sum of $300 as part payment of the purchase price. These separate sums of $300 each were paid to the plaintiff, who was acting at that time as the agent for the defendant and who turned the money over to it. Later these contracts were canceled, and, the defendant no longer having the agency for the Diamond T. motor truck, new contracts were entered into by each of

the companies above named for the purchase from E. M. Sullivan & Company, who had succeeded to the agency of the Diamond T. motor truck, of the same identical trucks for the same price of $2,500 each. When Frank Luxem & Company and the W. H. Kranz Company came to get their trucks from E. M. Sullivan & Company, each was told that, since they had made a payment of $300 to the defendant, E. M. Sullivan & Company would give them credit for that payment on their contract, and each paid to E. M. Sullivan & Company the sum of $2,200 for the truck for which they agreed to pay $2,500. Some time after these transactions were completed the plaintiff, as agent of the defendant, sued the defendant to recover as commission or otherwise the $600 which he had turned over to it. The record in that case was introduced as evidence in this case and it was therein found that the plaintiff had no right, title, or interest to the $600 in question. He thereupon secured an assignment from the W. H. Kranz Company and Frank Luxem & Company of the $300 which each claimed due it from the defendant. And it is as such assignee that he prosecutes this action. He recovered judgment in the civil court, and the defendant appealed to the circuit court for Milwaukee county and there the judgment was affirmed, and from that judgment the defendant appealed.

For the appellant there was a brief by *Gugel & Greenthal* of Milwaukee, attorneys, and *T. M. Thomas* of Ladysmith, of counsel, and oral argument by *F. H. Gugel.*

*Emmet J. Carrigan* of Milwaukee, for the respondent.

The following opinion was filed November 17, 1925:

VINJE, C. J. The civil court in which the action was first tried failed to find that the W. H. Kranz Company and Frank Luxem & Company each received and accepted a credit of $300 from E. M. Sullivan & Company on the new contract. It is admitted by the plaintiff that a credit of $300 each was given to the two purchasers by E. M. Sulli-

van & Company, but it is strenuously contended that the credit was not *the* $300 paid to the defendant but merely a credit of *a* $300. As to this *Mr. Smader* testified:

"*Q*. After this contract was entered into in regard to the Kranz paper company and the Motor Truck Service Company for the delivery of the Diamond T. truck there was a contract entered into for that same truck with the E. M. Sullivan Motor Car Company, wasn't there?

"*A*. Yes, sir. That is the truck that was actually delivered; and when the truck was delivered the Kranz paper company was given credit for the $300 that they had paid. They paid just what the contract called for."

The same evidence was substantially given with reference to the contract entered into by Frank Luxem & Company with E. M. Sullivan & Company. Plaintiff testified that Frank Luxem & Company received a credit of $300 from E. M. Sullivan & Company which they had paid to him previously and that only the difference between the purchase price and the $300 was paid by the Luxem Company on the delivery of the truck. In view of this testimony and in view of the fact that the only $300 in question was the $300 which the purchaser paid upon the truck when the original contract was entered into, it is idle and useless to argue that *a* $300 was given credit for and not *the* $300 in question. It therefore appears conclusively from the testimony that when the new contracts were entered into they were for the same amount and for the same trucks as were specified in the original contracts and that E. M. Sullivan & Company in each case said to the purchaser in effect: Since you have paid to the defendant the $300 you did on the original contracts we will give you a credit for that payment on this contract and you will be required to pay only the difference between the purchase price of the truck and the $300 you have paid. Each purchaser in consenting and accepting the credit so given received that credit as a payment of the amount they had paid to defendant and such

acceptance of the credit constituted an equitable assignment of their claim to the $300 to E. M. Sullivan & Company, who paid it. The result was that the assignors had nothing to assign at the time they attempted to assign their claims to the plaintiff, and it is an elementary principle of law that an assignee of such a claim has no better rights than the assignor. If the assignor could not have recovered the assignee cannot.

It is claimed by the plaintiff that the payment by E. M. Sullivan & Company was a gratuitous payment by a third party and could not affect the right of the purchasers. This is a fallacious statement of the law. Our court has held that payment by a third party who is not a party to the suit and though not made by his authority is available as a defense if it was accepted by plaintiff. *Gray v. Herman,* 75 Wis. 453, 44 N. W. 248. And such is the general rule of law. See 21 Ruling Case Law, 31, 32. The defendant here interposed as a defense to the action that the debt which it owed the purchasers was paid by E. M. Sullivan & Company. Such defense operated as a ratification of the payment by E. M. Sullivan & Company and rendered the defendant liable to them for the amount of credit which they gave to the purchasers. For an interesting treatise on this subject see 23 L. R. A. 120, and note.

The result reached gives each purchaser full value for every dollar paid and leaves the defendant indebted to E. M. Sullivan & Company for the amount of defendant's debt which it paid the purchasers.

The fact that plaintiff took nothing by the assignment is a matter that must be adjusted between him and his assignors.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the complaint upon the merits.

A motion for a rehearing was denied, with $25 costs, on January 12, 1926.