MILLIGAN v. RAPPAPORT.

1. Mechanics' Liens—Owner's Address in Statement Not Essential—Form of Statement Permissive.
   Under 3 Comp. Laws 1915, § 14800, as amended by Act No. 304, Pub. Acts 1925, address of owner in statement of lien is not essential to validity thereof; form of statement being permissive and not mandatory.

2. Contracts—Implied Promise to Pay—Consideration.
   Furnishing material to improve owners' property in response to their written order therefor was sufficient consideration to uphold their implied promise to pay therefor.

3. Payment—By Contractor Would Discharge Owner.
   Payment by contractor for material ordered by owners, although he was not party to contract therefor, would operate to discharge their obligation to pay.

4. Contracts—Failure to Pay—Release.
   Failure of contractor to pay for material ordered by owners would not release them from their obligation to pay.

5. Mechanics' Liens—Sufficiency of Contract.
   Furnishing material to contractor to improve owners' property in response to their written order to do so was sufficient contract to support lien therefor.

Payment by volunteer or stranger not a party to the original undertaking as discharging obligation, see annotation in 23 L. R. A. 120.

Appeal from Wayne; Jayne (Ira W.), J.  Submitted October 21, 1930.  (Docket No. 85, Calendar No. 35,117.)  Decided January 7, 1931.

Proceedings by Eloise Milligan against Samuel Rappaport and others to foreclose a mechanic's lien. Ernest W. Scheurman, as assignee of Acme Lumber Company, intervened and filed cross-bill against plaintiff and other defendants to foreclose another mechanic's lien.  Decree for cross-plaintiff.  Defendants Rappaport and American Employers Insurance Company appeal.  Affirmed.

*Shapero & Shapero,* for appellants.

*Frank B. Ferguson* and *R. Wendell Brown,* for cross-plaintiff.

POTTER, J.  Cross-plaintiff and appellee intervened in proceedings to foreclose a mechanic's lien and filed an answer in the nature of a cross-bill to foreclose a lien of cross-plaintiff and appellee.

The case here involved is in reality one brought by the Acme Lumber Company by Ernest W. Scheurman, assignee, against Samuel Rappaport and Lena Rappaport, his wife, whereby cross-plaintiff seeks to establish and foreclose a mechanic's lien against defendant.

The facts are stipulated.  Defendants Rappaport signed a paper as follows:

"Detroit, Mich. Sept. 15, 1926.
"ACME LUMBER COMPANY,
 Detroit, Michigan.
"Dear Sirs:
"You will please furnish such lumber and other building material as may from time to time be ordered for the erection, alteration or improvement

of a certain building located on lot 588 on the northwest corner of Wildemere and Cortland.

"All material is to be ordered by Abraham Galper or his duly authorized agent and he agrees to pay all bills for material hereunder as follows:

"When first mortgage is closed not later than completion of building.

"All material to be billed as per estimate dated or (in case of no estimate) at prices prevailing September 15, 1926.

"Respectfully,

"Husband, Samuel Rappaport,

"Wife, Lena Rappaport,

"Address, 1370 Penobscot Bldg.

"Witnesses:

"Robert Curlett,

"H. Dworkin.

"Subscribed and sworn to before me this 20th day of September, 1926.

"Robert C. Curlett,

"Notary Public,

"Wayne County, Mich.

"My Commission expires October 6, 1929.

"References:

"American State Bank, Main Office."

Between September 15, 1926, and March 8, 1927, the Acme Lumber Company furnished material on the building being erected by Samuel Rappaport and wife. The value of such material was $5,189. March 8, 1927, the Acme Lumber Company filed a claim of lien. February 16, 1927, Eloise Milligan commenced suit to foreclose a mechanic's lien against the same property and filed a notice of *lis pendens*. September 15, 1926, the title to the premises was in Paul C. Dulitz. Defendant and wife were purchasing the premises under a written land contract. On May 21, 1927, the Acme Lumber Company filed a petition to intervene, and on May 23d

filed an answer in the nature of a cross-bill. No *lis pendens* was filed by the Acme Lumber Company or Scheurman, its assignee. Abraham Galper was the general contractor for the erection of the building and there was no written contract between Galper and defendants. The case was referred to a circuit court commissioner, who filed written findings of fact and law, and the case was heard in the circuit court, where a decree for plaintiff was entered against defendants Rappaport for $5,189 and costs. Defendants appeal, claiming the agreement signed by defendants Rappaport above quoted does not constitute a contract or dealing between the Acme Lumber Company and defendants; it is not a contract pursuant to which the improvement was made; the claim of lien filed by the Acme Lumber Company was defective because it did not contain the address of the owners of the property; the contract of the Acme Lumber Company having been with Abraham Galper, and, the statement of lien having stated the contract was made with Samuel Rappaport and Lena Rappaport, the lien was invalid; and the cross-bill to foreclose the lien was not filed by any person competent to file the same.

The statute provides that a materialman who wishes to avail himself of the provisions of the lien statute—

"shall make and file in the office of the register of deeds, in the county or counties in which said real estate, house, building, structure or improvement to be charged with the lien is situated, a just and true statement or account of the demand due him, over and above all legal set-offs, setting forth the time when such materials were furnished or labor performed, and for whom, and containing a correct description of the property to be charged with the

lien, and the name of the owner, part owner or lessee, if known, which statement shall be verified by affidavit." Section 14800, 3 Comp. Laws 1915, as amended by Act No. 304, Pub. Acts 1925.

Both the section above quoted and the amendment of 1925 say the "statement *may be in the following form.*" The form in Act No. 304, Pub. Acts 1925, provides for the owner's address. Section 14800, 3 Comp. Laws 1915, does not. The address of the owner is not essential to validity of the lien. Liens were upheld under section 14800, 3 Comp. Laws 1915. The public are not interested therein. The language of the statute is permissive and not mandatory. If the legislature intended no statement of lien should be valid unless the owner's address was furnished in the statement filed by the lien claimant, it could have used mandatory language or expressly denied the validity of the claimed lien unless such address was a part of the filed statement. It did neither. The form of the statement of lien was sufficient.

Plaintiff stands in the place of the Acme Lumber Company, the materialman furnishing the material which defendants ordered. When the Acme Lumber Company, in response to the written order given by defendants, furnished the material to improve their property, a consideration sufficient to uphold their implied promise to pay therefor was created. Page on Contracts (2d Ed.), § 514; *Rood* v. *Jones,* 1 Doug. 188; *Steep* v. *Harpham,* 241 Mich. 652.

"The rule of law in reference to the sufficiency of the consideration, seems to be that it must arise, either, first, by reason of a benefit to the party promising, or, at his request, to a third person, by the act of the promisee; or, secondly, on occasion of the latter sustaining any loss or inconvenience,

or subjecting himself to any charge or obligation, at the instance of the person making the promise, although such person obtain no advantage therefrom." *Rood* v. *Jones, supra.*

"Plaintiff must have lost something or defendant gained something in order to furnish a consideration." *Steep* v. *Harpham, supra.*

Defendants stipulated the materials were to be furnished as ordered by one Galper or his agent, the contract providing Galper was to pay all bills. Galper was the contractor for the erection of the building, but he did not sign the written contract or order. He did not promise and agree to pay for the materials ordered. If Galper was the contractor, defendants could protect themselves against liens by cross-plaintiff by requiring a sworn statement from Galper in pursuance of section 14799, 3 Comp. Laws 1915. If Galper paid cross-plaintiff, though he was not a party to the contract, such payment would operate to discharge *pro tanto* defendants' obligation to pay. 48 C. J. p. 589; 21 R. C. L. pp. 31, 32; *Braun* v. *Cox,* 202 Iowa, 1244 (211 N. W. 891); *Crumlish's Adm'r* v. *Central Imp. Co.,* 38 W. Va. 390 (18 S. E. 456, 23 L. R. A. 120, 45 Am. St. Rep. 872); *Wallingford* v. *Alcorn,* 75 Okla. 295 (183 Pac. 726); *Smader* v. *Columbia Wisconsin Co.,* 188 Wis. 530 (205 N. W. 816).

The failure to pay by one not a party to a contract does not operate to release a party to the contract, to whom the consideration moved, from his obligation to pay and discharge the same. We think the contract sufficient to support plaintiff's lien. The other questions raised are not important. The decree of the trial court is affirmed, with costs.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, SHARPE, NORTH, and FEAD, JJ., concurred.