STATE of Wisconsin, Plaintiff-Appellant,

v.

Cynthia DISCH, Defendant-Respondent.

Supreme Court

*No. 85–1231–CR. Argued March 5, 1986.—Decided April 16, 1986.*

(Also reported in 385 N.W.2d 140.)

For the plaintiff-appellant the cause was argued by *Daniel J. O'Brien,* assistant attorney general, with whom on the briefs was *Bronson C. La Follette,* attorney general.

For the defendant-respondent there was a brief and oral argument by *Archie E. Simonson,* Madison.

SHIRLEY S. ABRAHAMSON, J. This is an appeal from an order of the circuit court for Dane county, Circuit Court Judge James C. Boll, suppressing blood alcohol test results on the grounds that the police officer failed to comply with the procedures set forth in sec. 343.305 (2)(b) and sec. 343.305 (3)(a), Stats. 1979–80.[1] The court granted the state's petition to bypass the court of appeals. Section 808.05, Stats. 1983–84.

We hold that sec. 343.305 (2)(c), Stats. 1979–80, not secs. 343.305 (2)(b) and 343.305 (3)(a), is applicable in this case. Because the police officer complied with the procedures set forth in subsection (2)(c), we reverse the suppression order and remand the cause to the circuit court.

The facts are set forth in the circuit court's findings of fact made at the suppression hearing. On August 8, 1980, Cynthia Disch, the defendant, was operating a motor vehicle which collided with another automobile. On August 10, 1980, a passenger in the defendant's car died from injuries sustained in the accident. On January 21, 1981, the defendant was charged under sec. 940.09 with causing death by negligent operation of a motor vehicle while under the influence of an intoxicant.

Immediately after the accident the defendant was taken to a Madison hospital. A Madison police officer placed the defendant under arrest (according to the circuit court's findings) and requested the defendant to

---

[1] Sec. 343.305 has since been amended. This is the second time this case is before this court. See *State v. Disch,* 119 Wis. 2d 461, 351 N.W.2d 492 (1984). This case has not yet been tried.

consent to the taking of a blood sample. The defendant signed a written consent form. The officer did not issue a citation and did not give the defendant the information set forth in sec. 343.305 (3)(a). The police officer directed two hospital employees to take the blood sample. The test result was a blood alcohol content of .121 percent by weight.

The defendant asserts that the blood test results must be suppressed because the officer failed to comply with sec. 343.305 (2)(b) and sec. 343.305 (3)(a), Stats. 1979–80. The state asserts that these provisions are not applicable and that the case is governed by sec. 343.305 (2)(c).[2]

The applicable statute is sec. 343.305, Stats. 1979–80. An analysis of this statute shows that if sec. 343.305 (2)(c) applies, secs. 343.305 (2)(b) and 343.305 (3)(a) do not.

Section 343.305(1), Stats. 1979–80, provides that "[a]ny person who drives or operates a motor vehicle upon the public highways of this state . . . shall be deemed to have given consent to . . . tests of his or her breath, blood or urine, for the purpose of determining the presence or quantity in his or her blood or breath, of alcohol or controlled substances. . . ." As we noted in *State v. Nordness,* 128 Wis. 2d 15, 381 N.W.2d 300,

---

[2] The state also argues that noncompliance with the procedures set out in sec. 343.305 (3) (a), Stats. 1979–80, does not mandate the suppression of relevant and material test results. The state urges us to overrule *State v. Renard,* 123 Wis. 2d 458, 367 N.W.2d 237 (Ct. App. 1985), which held that suppression was the remedy for noncompliance with the statute. This court followed *Renard* in *State v. McCrossen,* 129 Wis. 2d 277, 385 N.W.2d 161 (1986), and concluded that suppression is the remedy for noncompliance with sec. 343.305(3)(a).

305 (1986), "subsection (1) merely declares legislative policy, namely, that those who drive consent to chemical testing. The remainder of the statute outlines the procedures to be used for implementing this policy."

Section 343.305 (2) sets forth the steps the law enforcement officer is to follow to take a breath, blood, or urine test.

Subsection (2)(b) provides that a law enforcement officer may, upon arrest and issuance of a citation, request the person to provide a sample. The subsection reads as follows:

"(b)   A law enforcement officer may, upon arrest of and issuance of a citation to a person for violation of s. 346.63(1) or a local ordinance in conformity therewith, *request* the person to provide a sample of his or her breath, blood or urine for the purpose specified under (1)." (Emphasis added.)

Subsection (2)(c) specifically provides that a law enforcement officer may administer a test to a person who is "unconscious or otherwise not capable of withdrawing consent" when the officer has probable cause to believe that the person has violated sec. 346.63(1) or a local ordinance in conformity with that section and the officer has arrested that person. Section 343.305 (2)(c) reads as follows:

" (c)   A person who is unconscious or otherwise not capable of withdrawing consent is presumed not to have withdrawn consent under this subsection, and if a law enforcement officer has probable cause to believe that the person has violated s. s. 346.63(1) or a local ordinance in conformity therewith, the person may be arrested therefor and a test may be administered to the person."

Section 343.305 (3)(a) requires the law enforcement officer to give certain information to the person at the time the officer requests the person to take a test. Section 343.305 (3)(a) reads as follows:

" (3)(a)    A law enforcement officer *requesting* a person to take a test under sub. (2) shall *at the time of the request and prior to the administration of any such test* inform the person:

" 1.    That he or she is deemed to have consented to tests under sub. (1);

" 2.    The if he or she refuses to submit to any such test, except as permitted under sub. (2) (a), his or her operating privilege shall be revoked for not less than 6 months nor more than one year under sub. (9); and

" 3.    That in addition to the tests designated by the law enforcement agency under sub. (1), he or she may have an additional test under sub. (5)." (Emphasis added.)

Although sec. 343.305 is not easy reading for a law enforcement officer or a court and the subsections of 343.305 do not fit together well, sec. 343.305 (3)(a) clearly states that it applies when a law enforcement officer *requests* a person to take a test under subsection (2) of sec. 343.305. The statute also makes clear that a law enforcement officer makes a *request* for a sample or a test when the officer is proceeding under secs. 343.305 (2)(a),[3] (2)(am)[4] and (2)(b). In contrast, there is

---

[3] Section 343.305 (2)(a), Stats. 1979–80, provides:

"If a law enforcement officer has probable cause to believe that a person has violated s. 346.63 (1) or a local ordinance in conformity therewith, the officer may *request* the person, prior to arrest and

no reference in subsection (2)(c) to the officer making a request for a sample or a test.

Section 343.305(2)(c) obviates the necessity of an officer's request for a test or a blood sample. This subsection comes into play only when the person is unconscious or otherwise not capable of withdrawing consent. If a person is unconscious or otherwise not capable of withdrawing consent, it would be useless for the officer to request the person to take a test or to give a sample. It would be just as useless for the officer to inform an unconscious person or one who is otherwise not capable of withdrawing consent that he or she is deemed to have consented to tests, that refusal to submit results in revocation of operating privileges and that an additional test is available under sub. (5). Section 343.305 (3)(a). We should not construe statutes to lead to unreasonable or absurd results. *Labor & Farm Party v. Elections Board,* 117 Wis. 2d 351, 358, 344 N.W.2d 177 (1983); *State v. Burkman,* 96 Wis. 2d 630,

---

issuance of a citation, to take a preliminary breath test for the purpose specified under sub. (1), using a device approved by the department for the purpose. A person may refuse to take a preliminary breath test without being subject to revocation under sub. (9) if he or she consents, after arrest, to take a test under par. (b). Neither the results of the preliminary breath test nor the fact that it was administered shall be admissible in any action or proceeding in which it is material to prove that the person was under the influence of an intoxicant or controlled substance." (Emphasis added.)

[4] Section 343.305 (2)(am), Stats. 1979–80, provides:

"A law enforcement officer shall *request* any person who was the operator of a motor vehicle involved in an accident resulting in great bodily harm or death to any person to take a test as provided under par. (b) or (c) for the purposes specified in sub. (1)." (Emphasis added.)

642, 292 N.W.2d 641 (1980). We conclude that when the requirements of sec. 343.305 (2)(c) are met, an officer may administer a test without complying with sec. 343.305 (3)(a).

We therefore must determine whether sec. 343.305 (2)(c) is applicable in this case. The first issue is whether the defendant was "unconscious or otherwise not capable of withdrawing consent." The circuit court did not decide this question. The circuit court, did, however, expressly find that although the defendant signed a consent form, her physical and emotional state prevented her from being able to consent voluntarily at the time she signed the form. The circuit court concluded that "when you look at the defendant's condition in the hospital, where the Officer himself indicated that she was in a stupor, she indicates she wasn't really sure what they were saying to her. Under these circumstances, it seems to me that to say, under the totality of the circumstances, that her consent was voluntary, would not be true."

Although the circuit court did not decide whether the defendant was "unconscious or otherwise not capable of withdrawing consent" under 343.305 (2)(c) at the time the blood sample was taken, this court can make that determination. Whether the facts fulfill a statutory standard is ordinarily a determination of law and an appellate court need not defer to the circuit court. *Wassenaar v. Panos,* 111 Wis. 2d 518, 525, 331 N.W.2d 357 (1983).

The word "unconscious" is used to describe a person who is insensible, incapable of responding to sensory stimuli, or in a state lacking conscious awareness.

The phrase "otherwise not capable of withdrawing consent" is not defined in the statutes, and this court has not had occasion to interpret it. The phrase must be read together with the word "unconscious" and in the context of sec. 343.305. The phrase apparently describes a person who has conscious awareness and can respond to sensory stimuli but lacks present knowledge or perception of his or her acts or surroundings.

The phrase "not capable of withdrawing consent" must be construed narrowly and applied infrequently. If law enforcement officers or the courts construe the phrase "not capable of withdrawing consent" broadly to apply to all persons who are confused or disoriented, the legislative purpose of sec. 343.305 will be defeated. To protect the public and to protect the driver, the legislature has set forth a series of steps that law enforcement officers are to follow in testing a driver. Neither law enforcement officers nor the courts should resort to sec. 343.305 (2)(c) indiscriminately lest they deny the public and the driver the protections that sec. 343.305 affords. Many people to whom the officer will administer tests may appear mentally or physically incapacitated. Indeed, the person's impaired physical or mental condition frequently gives the officer reason to believe the person is under the influence of an intoxicant. If the person is conscious, the recommended practice is for the officer to follow the provisions of subsections (2)(b) and (3)(a). It is easy for an officer to comply with these two subsections, and if the officer does so, there should be little if any litigation challenging the test or sample. If the officer proceeds under sec. 343.305 (2)(c), there is likely to be litigation over whether the person was capable of withdrawing consent. Law enforcement

235

officers should follow the procedures outlined in sec. 343.305 (2)(c) only in unusual circumstances. Law enforcement officers and courts should be very reluctant to declare a person "not capable of withdrawing consent."

The undisputed facts, as found by the circuit court, are that the defendant had been injured in the accident and had been given an unidentified drug before the officer saw her. When the hospital attendants took the blood sample the defendant was able to state her name and address but did not seem able to concentrate. The defendant appeared to be dozing off and was in a stupor. The police officer testified he was not sure the defendant understood when the consent form was being read to her. The defendant testified that she was not sure what people were saying to her and that she was not sure what it was all about.

On the basis of the undisputed testimony and the circuit court's findings, we conclude that the facts in this case satisfy the statutory standard "otherwise not capable of withdrawing consent."

The second issue under sec. 343.305 (2)(c) is whether there was probable cause to arrest. The circuit court found probable cause. The parties do not challenge this finding.

The third issue under sec. 343.305 (2)(c) is whether the police officer arrested the defendant. The circuit court found that the police officer did arrest the defendant. The defendant challenges this finding.

The following factors are relevant in determining whether a person has been arrested: (1) the person's liberty or freedom of movement is restricted, (2) the ar-

resting officer intends to restrain the person, and (3) the person under arrest believes or understands that she or he is in custody. *State v. Doyle,* 96 Wis. 2d 272, 282, 291 N.W.2d 545 (1980). Although the officer did not use the words "you are under arrest," the circuit court found that the defendant's liberty was restricted and that the officer intended to place the defendant under arrest. These two findings are not clearly erroneous, and this court will not set them aside. Section 805.17 (1), Stats. 1983–84.

The third factor relevant to an arrest is whether a person under arrest "believes or understands that she or he is in custody." The defendant asserts that she was not aware that she was under arrest. In *Scales v. State,* 64 Wis. 2d 485, 219 N.W.2d 286 (1974), the court said that where a person is not cognizant of whether he was restrained, this factor is not pertinent to the determination of whether the person was arrested. "To say that he was not in custody, either because he was not conscious and did not realize he was arrested or because he was not explicitly told he was in custody, is sophistry." *Id.* at 492. Because the circuit court concluded that the defendant's condition was such that her consent was not voluntary and because we have concluded that the defendant was "not capable of withdrawing consent," we further conclude, as did the circuit court, that the defendant's failure to understand that she was under arrest is not significant. The circuit court's finding that the defendant was under arrest should not be set aside.

For the reasons set forth we conclude that the officer in this case met the requirements of sec. 343.305

(2)(c) in taking the blood sample. The officer did not have to satisfy the requirements of sec. 343.305 (2)(b) or to give the defendant the information required under sec. 343.305 (3)(a). We therefore conclude that the blood test was properly taken and that there is no justification for suppression of the test results. Accordingly we reverse the suppression order of the circuit court and remand the matter for further proceedings.

*By the Court.*—The order of the circuit court is reversed; the cause is remanded to the circuit court for further proceedings.