COOK & FRANKE, S.C., Plaintiff-Respondent,

v.

Daniel MEILMAN, Defendant-Appellant.

Court of Appeals

*No. 85-2378. Submitted on briefs September 2, 1986.—Decided January 14, 1987.*

(Also reported in 402 N.W.2d 361.)

For the plaintiff-respondent the cause was submitted on the briefs of *Robert L. Elliot* of *Cook & Franke, S.C.*, of Milwaukee.

For the defendant-appellant the cause was submitted on the briefs of *Ellen M. Frantz* of *Johns & Flaherty, S.C.*, of La Crosse.

Before Moser, P.J., Wedemeyer and Sullivan, JJ.

SULLIVAN, J.   Daniel Meilman appeals from a judgment awarding Cook & Franke (C & F) damages for attorney fees. The fees were for services on behalf

of Patrick Trussoni, a friend of Meilman, and White-
hall Packing Company, Inc. (Whitehall), of which
Meilman was chief executive officer and a sharehold-
er. The issues on appeal are whether Meilman's
alleged promise to pay Trussoni's legal fee violates the
statute of frauds, sec. 241.02(1)(b), Stats., and whether
there was an accord and satisfaction of Whitehall's
debt to C & F. We hold that Meilman's promise to pay
Trussoni's fees is void and that there was an accord
and satisfaction of Whitehall's debt. We do not reach
C & F's arguments that quantum meruit and promis-
sory estoppel support their claim for fees because
these issues were never presented to the trial court.
We decline to consider them for the first time on
appeal. *Wirth v. Ehly*, 93 Wis. 2d 433, 443, 287 N.W.2d
140, 145 (1980). Accordingly, we reverse.

## STATUTE OF FRAUDS — TRUSSONI FEE

The jury found that Meilman orally promised to
pay C & F for its successful representation of Trussoni
on an arson charge in 1977. Meilman, although
denying any such promise, does not challenge the
sufficiency of the evidence to support this finding. *See*
sec. 805.14(1), Stats. Rather, Meilman argues that the
record is bereft of any evidence of a note or memoran-
dum confirming his alleged promise. He relies on sec.
241.02(1)(b), Stats., which provides:

> (1) In the following case every agreement shall be
> void unless such agreement or some note or
> memorandum thereof, expressing the consider-
> ation, be in writing and subscribed by the party
> charged therewith:
>     . . . .

436

(b) Every special promise to answer for the debt, default or miscarriage of another person.

The jury's finding that Meilman promised to pay Trussoni's legal fees is not disputed on appeal, nor are the circumstances under which the promise was made. Whether the promise fulfills the provisions of sec. 241.02, Stats., presents a question of law which we resolve without deference to the trial court. See *State v. Disch*, 129 Wis. 2d 225, 234, 385 N.W.2d 140, 144 (1986). We conclude that C & F presented no evidence of any writing to meet this statute's requirements. Hence, Meilman's oral promise to pay Trussoni's legal fees is unenforceable under the statute of frauds.

C & F maintains that Meilman derived a benefit from his promise in that his friend received legal representation and, thus, that the promise lies outside the statute of frauds. However, *Mann v. Erie Mfg. Co.*, 19 Wis. 2d 455, 120 N.W.2d 711 (1963), rejected the beneficial consideration doctrine. In *Mann*, our supreme court concluded that there was no evidence to sustain the verdict that a third party's promise to pay another's debt was outside the statute of frauds. "The benefit received by [the promisor] although sufficient to sustain the requirement of the consideration in a contract sense, does not evidence any intention on its part to be equally or jointly responsible with [the debtor] for the commissions or to make an independent, unconditional promise to pay. ..." *Id.* at 463, 120 N.W.2d at 715–16. Applying *Mann* to this case, we conclude that Meilman's promise to obtain legal services for Trussoni was not an unconditional or independent promise and, hence, does not satisfy this exception to the statute of frauds.

437

## ACCORD AND SATISFACTION — WHITEHALL'S FEE

At the close of C & F's case, Meilman engaged the court and counsel in a colloquy which we treat as a sec. 805.14(3), Stats., motion to dismiss for insufficient evidence. The trial court effectively denied the motion. On appeal Meilman asserts that as a matter of law an accord and satisfaction operated to defeat C & F's claim.

A motion to dismiss should be granted if there is no credible evidence to support a finding for the plaintiff. *Maskrey v. Volkswagenwerk Aktiengesellschaft*, 125 Wis. 2d 145, 160–61, 370 N.W.2d 815, 823 (Ct. App. 1985). If there is a dispute of fact or of factual inferences the motion must be denied and the issue submitted for jury determination. *Id.* We view the evidence most favorably to the plaintiff. *Id.* We conclude that because there was no dispute as to the facts, the trial court erred in denying Meilman's motion to dismiss.

All American Meat Co. and Meilman Brothers Farms were other entities through which Meilman conducted his meat processing business. It is undisputed that on March 18, 1982, All American issued a check for $10,830.66 payable to C & F. The attached perforated voucher indicated $8,330.86 was upon account of Meilman Brothers Farms. This account was brought current. The balance, $2,500, was referenced "Whitehall Packing Co., Settlement." This check was paid on March 23. On November 9, 1982, C & F for the first time denied any agreement to waive any balance of the Whitehall fee.

James Peters, an attorney and accountant for Whitehall, testified that around March 11, 1982, he and a C & F attorney, Robert Elliott, agreed to a compromise of all Whitehall invoices for $2,500. These invoices totalled $7,757. Whitehall was in bankruptcy and had listed C & F as an unsecured creditor. On March 26, C & F sent a receipt to All American referencing its dispute with another company, although nothing was due to C & F on that matter at the time. Peters did not call Elliott about the receipt because they "both agreed it had to go to All American because of the bankruptcy."

An accord and satisfaction is an agreement to discharge an existing disputed claim. It is a contract and requires an offer, acceptance, and consideration. *Flambeau Prods. Corp. v. Honeywell Information Sys., Inc.*, 116 Wis. 2d 95, 112, 341 N.W.2d 655, 664 (1984). For accord and satisfaction to operate as a defense there must be a dispute. *Niebler & Muren, S.C. v. Brock-White Co.*, 122 Wis. 2d 445, 447, 361 N.W.2d 732, 733 (Ct. App. 1984). While Meilman denied any personal liability whatsoever, asserting that Whitehall was the debtor, C & F argued that Meilman was personally responsible for its legal fees. There was, therefore, a dispute.

The next inquiry is C & F's assent or acceptance of the settlement. Payment by a third party nonobligor has been recognized as an accord and satisfaction if accepted by the creditor and ratified by the debtor. *See Smader v. Columbia Wis. Co.*, 188 Wis. 530, 533, 205 N.W. 816, 817 (1926).

> The acceptance by a creditor, as full satisfaction of his claim against his debtor, of a lesser amount paid by a third person out of moneys not belonging to the debtor, or of a third person's ... check for such lesser amount, is operative as a discharge of the whole claim against the debtor.

6 *Corbin on Contracts* sec. 1285, at 154–55 (1962); *see also Swartz v. Carmen*, 167 N.E.2d 505, 508 (Ohio App. 1959).

■

We hold, as a matter of law, that C & F's cashing of the check marked "settlement" from All American, a third party non-obligor, in the context of a dispute, constitutes its assent. *Id.* Furthermore, C & F's retention of the proceeds of the check for seven months before raising the question of Meilman's liability conclusively establishes its assent to the accord. *See Hoffman v. Ralston Purina Co.*, 86 Wis. 2d 445, 456, 273 N.W.2d 214, 218 (1979).

In summary, C & F's action to recover fees for Trussoni's defense is void under the statute of frauds; its claim to recover Whitehall's fees from Meilman is subject to its accord and satisfaction with All American; and its claims under the doctrines of quantum meruit and promissory estoppel will not be heard for the first time on appeal.

*By the Court.*—Judgment reversed.