923 F.2d 856
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Laurie J. PORTER, doing business as Porter Farm Equipment,
Plaintiff-Appellant,
v.
REGDAB, INCORPORATED, a Delaware corporation, in
substitution for Badger Northland, Incorporated,
Defendant-Appellee.
 No. 90-1283.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 12, 1990.*
Decided Jan. 17, 1991.
 
 Before POSNER, RIPPLE, and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff Laurie J. Porter appeals from the order of the district court granting summary judgment to the defendant, Regdab, Inc. Porter and Regdab (formally known as Badger Northland, Inc.) entered into a "Dealer Sales Agreement" in which Porter agreed to sell the company's farming equipment. This dealership was terminated in November, 1984. As part of the termination process, Porter was allowed to return unused parts to Regdab for reimbursement. Porter brought this diversity action claiming that Regdab breached its contract by failing to fully reimburse Porter for the parts he returned.[1] Regdab brought a motion for summary judgment claiming that it tendered a check to Porter in full accord and satisfaction of the debt. The district court agreed and granted the defendant's motion for summary judgment.
 
 I.
 
 2
 The dealership agreement provided that upon termination the company (Regdab) could, at its option, repurchase any of its goods or parts from the dealer (Porter). If the company repurchased any such merchandise, it would, however, deduct any depreciation in the value of the goods caused by weather, shop wear, or obsolescence. The contract further provided that "[i]t is understood that the determination by the Company as to the amount of any depreciation in value shall be final and binding."
 
 
 3
 When the dealership was terminated, it is undisputed that Porter owed Regdab $4,409.19 on its outstanding account. Porter sent two shipments of parts to Regdab in December, 1985. Porter received a check from Regdab, dated December 19, 1987. This check was unaccompanied by a letter, and the check itself did not contain any indication that it was meant to be a final settlement of the account between Porter and Regdab. However, Porter received two letters from Regdab. Regdab sent a certified letter to Porter on January 7, 1987, which stated that the check for $2,402.66 was payment for the returned parts and that all other parts were considered to be unacceptable for return.[2] On January 9, 1987, Regdab sent a second certified letter in response to a phone call from Porter. This letter explained that Regdab assigned a value of $6,811.85 for the return of all the acceptable parts. $4,409.19 was credited to Porter's unpaid account with Regdab, and a check was sent with the balance of the amount. On January 15, 1987, Porter cashed the check sent to him by Regdab for the returned parts.
 
 II.
 
 4
 On appeal Porter argues that he cashed the check, but did so thinking that it was only a partial payment for the parts that he returned. He argues that the check was not accompanied by any letter or markings that would indicate the Regdab intended the check to be an offer for full settlement of the accounts between the parties. Therefore, because he did not know that Regdab intended to send this check as full settlement of their accounts, there can be no accord and satisfaction of the debt. Porter claims that there is an issue of material fact concerning his understanding of Regdab's intent when sending the check.
 
 
 5
 Regdab admits that there was no correspondence sent with the check. Regdab argues, however, that the January letters informed Porter of their intention to settle the account. Because Porter received these letters before he cashed the check, they are entitled to accord and satisfaction.
 
 
 6
 We review a district court's grant of summary judgment de novo. First Wisconsin Trust Company v. Schroud, No. 89-2602, slip op. at 6 (7th Cir. October 18, 1990). We first determine whether there are any genuine issues of material fact. "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is 'no genuine issue for trial.' " Id. at 7, (citing Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 1356 (1986)).
 
 
 7
 Wisconsin law governs the contract at issue in this case. "An accord and satisfaction is an agreement to discharge an existing disputed claim. It is a contract and requires an offer, acceptance, and consideration." Cook & Franke, S.C. v. Meilman, 136 Wis.2d 434, 438 (Ct.App.1986). Accord and satisfaction is an affirmative defense to an action to enforce a disputed claim. The Wisconsin Supreme Court explained:
 
 
 8
 Under the common law rule of accord and satisfaction, if a check offered by the debtor as full payment for a disputed claim is cashed by the creditor, the creditor is deemed to have accepted the debtor's conditional offer of full payment notwithstanding any reservations by the creditor. In other words, the creditor's cashing the full payment check constitutes an accord and satisfaction which discharges the debt.
 
 
 9
 Flambeau Products v. Honeywell Systems, 116 Wis.2d 95, 101 (1984).
 
 
 10
 Porter argues that because the check was not accompanied by a letter and the check did not bear any marking indicating that it was meant as final payment for the parts, he was unaware that it was offered as full payment. This argument would have some merit if Porter had immediately cashed the check. Porter, however, cashed the check after Regdab sent two letters explaining the payment. These letters clearly indicated the Regdab offered the check as a final settlement of the accounts. Porter's contention that he did not know of Regdab's intent lacks merit.
 
 
 11
 Even if he could claim ignorance of Regdab's intent, his actions clearly demonstrate the Regdab is entitled to summary judgment. Wisconsin courts have recognized that intent can be demonstrated by actions as well as words.
 
 
 12
 Actions of the offeree can constitute acceptance even when accompanying words express a contrary intent .... When a creditor receives a check offered in full settlement of an obligation and cashes the check, but simultaneously writes to the debtor that he refuses to accept the check as in full satisfaction but will apply it only in reduction of the debt, the action of cashing the check will be considered an acceptance of the offer.
 
 
 13
 Hoffman, 86 Wis.2d at 454.
 
 
 14
 There is no documentary evidence in the record to support the proposition that Porter disputed Regdab's calculations. Even if such evidence did exist, Porter's act of cashing the check is sufficient to demonstrate his acceptance of Regdab's offer to settle the debt.
 
 
 15
 Summary judgment was properly granted to Regdab. The decision of the district court is
 
 
 16
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 This suit was originally initiated in the circuit court of Polk County, Wisconsin. The action was subsequently removed to federal court pursuant to 28 U.S.C. Sec. 1446(e)
 
 
 [2]
 Porter was informed that he could either pick up these unacceptable parts or that Regdab would scrap the parts and send him a check for the scrap value